**PETER BAY OWNERS ASSOCIATION, INC., Plaintiff**
**v.**
**ANDREW R. STILLMAN, JOY H. STILLMAN, JOHN G. CATTS,**
**and STEILA J. ROEBUCK, Defendants**
**JAMES HENRY, CAROL HENRY, L.D. KIRK, SUZANNE KIRK,**
**SCOTT F. MEESE, DONNA G. MEESE, ARIE LIEBESKIND,**
**DOREEN LEIBESKIND JIM R. HAYES, ZAQUIN S. HAYES,**
**JEFFREY PRICE, STEVEN PAUL, JANN PAUL, ST. JOHN**
**LAND INVESTMENT L.P., and ANDREWS ST. JOHN TRUST**
**Intervening Plaintiffs**
**v.**
**ANTONIO GODINEZ, BONNIE GODINEZ, PAUL DUE,**
**GENEVIEVE DUE, and ETHLYN HALL, Intervening**
**Defendants.**

Civ. No. 97-0036

District Court for the District of the Virgin Islands

Div. of St. Thomas and St. John

February 16, 1999

JAMES M. DERR, ESQ., *for Plaintiff*

J. DARYL DODSON, ESQ. Law Offices of Moore & Dodson, *for Defendants*

JOHN H. BENHAM, ESQ., Watts & Benham, P.C., *for Defendants*

GREGORY H. HODGES, ESQ., CHAD C. MESSIER, ESQ., *for Intervening Plaintiffs*

HENRY C. SMOCK, ESQ., Law Offices of Henry C. Smock, *for Attorney*

SAMUEL H. HALL, ESQ., Birch, Dejohgh, Hindels & Hall *for Attorney*

BROTMAN, *District Judge*

Presently before the Court are two motions filed by plaintiff Peter Bay Owners Association, Inc. ("Peter Bay Association"), one for issuance of a clerk's deed and one for an order declaring intervening defendant Ethlyn Hall ("Hall") a member of the Peter Bay Association.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On August 21, 1975, this Court issued an opinion in the case of *Sammy (Lemme) Harthman, Sr. v. Vernon E. Harthman, Amiot W. Harthman and Ethlyn Lindqvist Hall*, 1975 U.S. Dist. LEXIS 16494, 12 V.I. 142 (D.V.I. 1975). The instant litigation, which comes before the Court more than twenty years after the *Harthman* decision, is in part a request to enforce various aspects of that decision.

The *Harthman* decision involved an action for partition which was commenced in November of 1970 by Lillian Harthman Cheng ("Cheng") against her siblings and their descendants. *See id.* at 146. Cheng sought a partition of Peter Farm of Estate Peter Bay, 2 aa Maho Bay Quarter, St. John, U.S. Virgin Islands ("Peter Farm"). *See id.* at 146-47. On January 24, 1974, the Court appointed three commissioners to divide Peter Farm into a number of equal parcels. *See id.* at 146. On February 14, 1975, the commissioners submitted a report imposing a subdivision plan for the property upon Survey Drawing No. 1037-2 dated November, 1974. *See id.* at 156-57. Superimposed on the survey the commissioners submitted was an existing direct road north of the public road which ran through Peter Farm and a proposed subdivision road to the south of the public road. *it See id.* at 154. There was also a pedestrian path from the roadway to the beach. *See id.*

In its August 21, 1975 judgment ("Partitioning Decree"), the Court approved this survey with five exceptions. *See id.* at 156-57. In accordance with this modified survey, the Court divided Peter Farm into six parcels and allocated the parcels among the parties to

the action. *See id.* at 157-58. In addition, the Court adopted the commissioners' proposed roadways and the pedestrian path and determined that there should be a parking lot at the entrance to the path. *See id.* at 155-56. The Court decided that the roadways should be owned jointly by all the parties to the Partitioning Decree and that these parties and all future owners of subdivided plots within Peter Farm should have a perpetual easement to use and enjoy all subdivision roads. *See id.* at 155, 158. The Court also provided for the creation of a landowners' association to take title to and maintain the roadways within Peter Farm. The Peter Bay Association claims to be the landowners' association envisioned by the Partitioning Decree.

On March 11, 1997, the Peter Bay Association filed a complaint against Andrew R. Stillman and Joy H. Stillman ("the Stillmans") as well as John G. Catts and Sheila J. Roebuck (collectively "defendants") alleging that the defendants had failed to pay landowners' association fees which the Peter Bay Association had assessed for the costs of maintaining the roadways within Peter Farm. The Peter Bay Association claimed that it had satisfied the Partitioning Decree requirements for forming a landowners' association and was therefore entitled to assess the Peter Farm landowners for roadway maintenance costs. On April 22, 1997, the Stillmans filed an answer and counterclaim, in which they disputed the Peter Bay Association's status as the landowners' association envisioned by the Partitioning Decree and argued that the Peter Bay Association had no right to assess them for the costs of roadway maintenance. Specifically, the Stillmans sought a declaration from the Court that the Peter Bay Association did not qualify as the landowners' association contemplated by the *Harthman* Court. Also in their counterclaim, the Stillmans requested that the Court clarify the extent of a beach easement created by the Partitioning Decree. Summary judgment motions and cross-motions were subsequently filed regarding the beach easement issue. Hall filed a motion to intervene as a defendant in the action for the purpose of resolving the extent of the beach easement. The Court granted Hall's motion. On October 30, 1998, the Court denied the intervening plaintiffs' cross-motion for summary judgment on the beach easement issue while reserving

judgment on the other outstanding motions and cross-motions until it could be determined by trial whether the relevant statute of limitations had run.[1]

On August 14, 1998, the Peter Bay Association filed a motion for issuance of a clerk's deed which would transfer title to the roadways, pedestrian path, and parking lot within Peter Farm to the Peter Bay Association. The Peter Bay Association filed an amended motion on September 3, 1998. On September 25, 1998, Hall filed an opposition to the Peter Bay Association's amended motion. On November 9, 1998, the Court heard oral argument on this motion. On December 4, 1998, the Peter Bay Association filed a motion for an order declaring Hall a member of the Peter Bay Association. Hall filed an opposition to this motion on December 22, 1998.

## II. DISCUSSION

### A. JURISDICTION

The motions presently before the Court pose the following three questions:

> (1) Is the Peter Bay Association the landowners' association contemplated by the *Harthman* Partitioning Decree?

> (2) If the Peter Bay Association is this association, can the Court issue a deed transferring to the Peter Bay Association title to the roadways and the beach access path within Peter Farm?

> (3) If the Peter Bay Association is the landowners' association contemplated by the Partitioning Decree, can the Court order Hall to become a member of the Peter Bay Association?

Hall argues that the Court lacks jurisdiction to consider these questions. First, Hall claims that the issues raised in the Peter Bay Association's complaint and the Stillmans' answer and counter-claim are unrelated to the issues raised by the motions presently

---

[1] The Court addresses the beach easement issue more thoroughly in its October 30, 1998 opinion and order.

pending before the Court. *See* Hall's Opposition to the Peter Bay Association's Amended Motion for Issuance of Clerk's Deed ("Opposition to Clerk's Deed Motion") at 4; Hall's Opposition to the Peter Bay Association's Motion for Order Declaring Hall a Member of the Peter Bay Association ("Opposition to Membership Motion") at 7. The Court disagrees. In its complaint, the Peter Bay Association asserts that it is the landowners' association contemplated by the Partitioning Decree. *See* Complaint, ¶ 7. In their counterclaim, the Stillmans dispute the Peter Bay Association's status as this association and request that the Court issue a declaration stating the Peter Bay Association's failure to qualify as this association. *See* Counterclaim, ¶¶ 4-9, 13-14, 27. The motions presently before the Court raise the same question: whether the Peter Bay Association is in fact the landowners' association contemplated by the Partitioning Decree. The pending motions are directly related to the complaint and counterclaim in this case.

■    Hall also disputes the Court's jurisdiction over the pending motions based on the fact that the Court's jurisdiction over the Peter Bay Association's complaint and the Stillmans' counterclaim is predicated on diversity. *See* Opposition to Membership Motion at 8. The Court's jurisdiction does not arise out of diversity but rather out of the *Harthman* action. When a court issues a judgment, it retains the power to interpret and enforce that judgment at a later date. *See Coca-Cola Bottling Co. of Elizabethtown, Inc. v. Coca-Cola Co.*, 98 F.R.D. 254, 273 (D. Del. 1983) (citing *United States v. Swift & Co.*, 286 U.S. 106, 114, 76 L. Ed. 999, 52 S. Ct. 460 (1932) and *Root v. Woolworth*, 150 U.S. 401, 410-11, 37 L. Ed. 1123, 14 S. Ct. 136 (1893)); *see also Brun v. Mann*, 151 F. 145, 150 (8th Cir. 1906) ("A bill in equity dependent upon a former action of which the federal court had jurisdiction may be maintained . . . to restrain, avoid, explain or enforce the judgment or decree therein."). The complaint, counterclaim, and pending motions in this case all require the court to interpret and enforce the *Harthman* judgment. The Court has jurisdiction to do so.

The Partitioning Decree states that the owners of the original partitioned parcels as well as subsequent owners of subdivided parcels have a "perpetual easement over and upon all subdivision roads built" in Peter Farm. *Harthman*, 12 V.I. at 158. The Partitioning Decree goes on to state as follows:

> [A]s a condition to the continued use and enjoyment of said roadways, the said owners, in accepting their title and this grant of easement, covenant that at such time that there shall be a minimum of fifteen subplots sold, and if the owners of said plots by majority action organize a landowners' association for the purpose of taking over title of such roadways, as well as title to the beach access footpath and parking lot connected therewith established for the common benefit of all plots in Estate Peter Farm or otherwise acquired by landowners' association, they will join such association and be bound by its articles and bylaws and such rules and assessments that the association may promulgate for the care, upkeep and maintenance and possible paving or hard-topping said roadways.

*Id.* at 158-59. The term "said roadways" refers back to "all subdivision roads built" in Peter Farm. The *Harthman* Court contemplated that the landowners' association would take title to all subdivision roads built at the time of the association's creation or thereafter. There is no indication that the *Harthman* Court expected these roads to be paved or hard-topped at the time the association took title to them; in fact, the Partitioning Decree presumes that they would not be paved. The Partitioning Decree does not explicitly require that the sole purpose of the landowners' association be the acquisition of title to and maintenance of Peter Farm's roadways, pedestrian path, and parking lot. It does state, however, that all Peter Farm landowners must "join [the landowners'] association and be bound by its articles and bylaws." *Id.* at 159. The *Harthman* Court would not have required all Peter Farm landowners to be bound by an association's articles and bylaws

unrelated to the purpose for which the Court authorized the association's creation.

The Peter Bay Association's Article of Incorporation were signed on February 22, 1996. According to its Articles, the Peter Bay Association was not explicitly formed for the purpose of taking title to and maintaining the Peter Farm roadways, pedestrian path, and parking lot. The stated purposes of the association included "administering, pursuant to the By-Laws, the common interests of owners of lots within Peter Bay Development" and "enforcing the Protective Covenants for Peter Bay." These stated purposes indicate that the Peter Bay Association was formed in order to serve only a portion of the Peter Farm landowners. The area known as Peter Bay to which the Articles refer does not encompass the entire area known as Peter Farm with which the Partitioning Decree dealt. According to The Declaration of Protective Covenants for Peter Bay ("Protective Covenants"), the area known as Peter Bay encompasses only parcels 1 through 6 of Peter Farm, parcels which at the time of the Protective Covenants' creation were owned by St. John Land Investment Partnership. *See* Protective Covenants at 1 ("St. John Land Investment Partnership is the owner of Parcels 1 through 9 and 13 through 15, 2aa Maho Bay Quarter, St. John, U.S. Virgin Islands, of which Parcels 1 though 6, 2aa Maho Bay Quarter, St. John, U.S. Virgin Islands have received preliminary subdivision approval and shall be known as Peter Bay."). Only these six parcels are subject to the Protective Covenants.[2] The Peter Bay Association was formed to protect the interests of the Peter Bay landowners rather than the interests of all landowners within Peter Farm. While the Peter Farm Association may have done otherwise, it was not obligated to do so.[3] The *Harthman* Court did not intend to require all landowners to join an association which was created to principally benefit a select group of Peter Farm landowners.

---

[2] Although the Protective Covenants provided for the addition of parcels to the operation of the Protective Covenants, there is no evidence that any additional parcels have become subject to these Protective Covenants since their execution on March 2, 1998. *See* Protective Covenants at 14.

[3] For example, at oral argument James Derr, Esq., attorney for plaintiff Peter Bay Association, stated that the Peter Bay Association had been maintaining certain roadways for a period of years. *See* Transcript of November 9, 1998 Status Conference at 4.

On January 8, 1999, the Peter Bay Association amended its Articles of Incorporation to add the following to the list of purposes for which the Association was created:

> To take and hold title to all completed and paved Court Decree and subdivision roads subject to the easement referenced in the Partition Decree entered in the action styled *Harthman v. Harthman, et al.* 12 V.I. 142 (D.V.I. 1975) as well as title to the beach access footpath and parking lot associated therewith, all as specified more particularly in the above referenced Partition Decree, and for the performance of all other duties conferred upon it by the above referenced Court Decree.

This attempt to bring the Peter Bay Association into compliance with the language of the Partitioning Decree fails. The landowners' association contemplated by the Harthman Court was to have been created for the purpose of taking title to all subdivision roads, whether completed at the time of the association's creation or not yet in existence, whether paved or unpaved. The Peter Bay Association wishes to take title to only those roadways within Peter Farm which are both completed and paved, specifically those roadways which impact the residents of the Peter Bay subdivision.[4] As the attorney for the Peter Bay Association stated at oral argument:

> The [Association's] Board [of Directors] is only seeking to take title to the existing roads which are north of the [public] roadway and that right now this motion does not seek to take title to any roads that may exist on the south side and that the present Board on behalf of the Association has no intention of taking title to any roadways that may be created south of the roadway in the future.

---

[4] The proposed Amended Order which the Peter Bay Association submitted to the Court indicates by reference to P.W.D. Drawing number D9-4391-T88 to which parcels it seeks title. *See* Peter Bay Association's Amended Order. These include ROW Parcels A through E as depicted on P.W.D. Drawing number D9-4391-T88. *See id.*

Transcript of November 9, 1998 Status Conference at 23. Samuel Hall, Esq., attorney for intervening defendant Hall, pointed out the inadequacy of this proposal at oral argument stating as follows:

> The motion filed by [the Peter Bay Association] now seems to take ownership of the roads in the lower portion of the estate and makes no reference to the roads to be built in the upper portion of the estate, which also seems to us, as we read the partition decree, is what the partition decree contemplates.

*Id.* at 6. The Court agrees with Mr. Hall that the Partitioning Decree contemplates a landowners' association which would take title to all roadways within Peter Farm whether presently in existence or not, whether in the upper or lower portion of the estate.

█ The Court concludes that the Peter Bay Association is not the landowners' association which the *Harthman* Court envisioned when it drafted the Partitioning Decree. The Peter Bay Association was created to serve the interests of a limited number of landowners within Peter Farm. The *Harthman* Court did not intend for all landowners to be required to join such an association and be bound by its articles and bylaws. Furthermore, the Partitioning Decree requires that the landowners' association formed to take title to the roadways, pedestrian path, and parking lot take title to all roadways within Peter Farm, not a portion of the roadways.

### 3. CLERK'S DEED MOTION AND MEMBERSHIP MOTION

Having determined that the Peter Bay Association is not the landowners' association contemplated by the Partitioning Decree, the Court need not reach the other issues presented by the two pending motions.

## III. CONCLUSION

For the foregoing reasons, the Court will deny the motions of the Peter Bay Association for issuance of a clerk's deed and for an order declaring Hall a member of the Peter Bay Association. The Court will enter an appropriate order.