**William D. THORP, Plaintiff,**

v.

**Charles SMITH, Defendant,**

and

**Helen Kruger and Max Kruger, Intervenors.**

**Appeal of Helen KRUGER and Max Kruger.**

**No. 14916.**

United States Court of Appeals Third Circuit.

Argued at Christiansted Jan. 27, 1965.

Decided April 27, 1965.

George H. T. Dudley, Dudley, Hoffman & Grunert, Charlotte Amalie, St. Thomas, V. I., for appellants.

Everett B. Birch, Birch, Maduro & deJongh, Charlotte Amalie, St. Thomas, V. I., for William D. Thorp.

Croxton Williams, Charlotte Amalie, St. Thomas, V. I., for Charles Smith.

Before MARIS, McLAUGHLIN and FREEDMAN, Circuit Judges.

MARIS, Circuit Judge.

This is an action brought in the District Court of the Virgin Islands by the plaintiff William D. Thorp against the defendant Charles Smith for specific performance of a written agreement dated December 22, 1958 for the sale by Smith to Thorp of one acre of land known as Parcel 3D of Estate Abraham's Fancy, Maho Bay Quarter, St. John, and adjoining on the east Parcel 3F of that Estate which Thorp owns and on which he has his residence. The complaint averred that the sale price of $2,000 had been paid but that Smith had failed to deliver a deed. In his answer Smith admitted the contract of sale and that Thorp was entitled to specific performance of it. After the commencement of the action Helen G. and Max E. Kruger intervened, alleging that by deed dated December 16, 1954 Smith had conveyed to them Parcel 3D of Estate Abraham's Fancy which is the subject matter of this action for specific performance. After a trial the district court found for Thorp and entered a judgment directing specific performance. On an appeal by the Krugers, that judgment was reversed by this court and the cause was remanded for a new trial. Thorp v. Smith et al., 3 Cir., 1962, 300 F.2d 830, 4 V.I. 361. The action was retried on May 7, 1963. Thereafter the district court again found for Thorp and on February 20, 1964 entered a judgment directing Smith to convey Parcel 3D, Estate Abraham's Fancy, to Thorp within 30 days, in default of which the clerk of the district court was empowered to make the conveyance. The Krugers have again appealed.

The question presented on this appeal is whether the district court erred in holding that the land conveyed by the deed which Smith gave to the Krugers on December 16, 1954 did not include the one acre of land known as Parcel 3D, Estate Abraham's Fancy. For if that holding was correct Smith was not barred by that conveyance from conveying the acre

of land comprising Parcel 3D to Thorp, as he agreed to do by the contract of sale of December 22, 1958, and as he was directed to do by the judgment here appealed from.

The evidence discloses the following facts: On January 14, 1954 Smith and his wife executed an agreement in writing to sell for $3,500, an 18 foot boat and an outboard motor "all their holdings 3b Lille Mahobay Quarter of thirteen (13) acres to Max E. Kruger. Said 13 acres to be the same as specified in the deed held by Charles Smith from Louis Andersen dated January 13, 1915." This agreement was performed by the execution by Smith and his wife of the deed of December 16, 1954 to the Krugers conveying "the property known and designated as: Parcel 3b of Estate ABRAHAM'S FANCY, 3b Little Maho Bay Quarter, St. John, Virgin Islands, comprising 13 Acres, more or less, and subject to whatever a more accurate survey to be conducted by Grantees may reveal, copy whereof is attached hereto." Prior to January 14, 1954 Smith had acquired two parcels of Estate Abraham's Fancy, also known as Estate Little Maho Bay, in the Maho Bay Quarter of St. John. One of these was Parcel 3B, consisting of 14 acres more or less, which he had acquired from Louis Andersen by bill of sale dated March 22, 1917, and one acre of which he had conveyed by deeds dated March 30, 1948 and September 1, 1951, to Helene Garnell, who later married Kruger. The other was Parcel 3D, consisting of one acre, which he had acquired from Jane Knevels by bill of sale dated June 17, 1916. Since the year 1893 Parcels 3B and 3D have been separately designated in the Recorder's office and in the Department of Public Works and have been recognized as adjoining but distinct parcels of land subdivided out of Estate Abraham's Fancy. It was conceded by counsel for the Krugers at the trial that the one acre of land adjoining the Thorp property on the east which the district court has directed Smith to convey to Thorp is in fact Parcel 3D which was acquired by Smith from Knevels. Parcel 3D is identifiable as bounded on the west by Thorp's other land (Parcel 3F), on the north by Parcel 3C of Estate Abraham's Fancy owned by Mrs. McCully and on the east and south by a public road and an old fence line which separate it from Parcel 3B. It further appears that in an action brought by Smith to quiet title to Parcel 3D the district court on February 4, 1959 adjudged a fee simple title to that parcel to be in Smith.

In the light of the fact that Parcels 3B and 3D have been recognized for many years as separate parcels of Estate Abraham's Fancy we think that the district court did not err in concluding that the 1954 conveyance by Smith to the Krugers of Parcel 3B by designation did not include the conveyance of the adjoining Parcel 3D. Counsel for the Krugers rely upon the facts that the actual area of the portion of Parcel 3B which Smith had left to sell was only 11.8 acres, instead of the 13 acres which he agreed to sell them, and that the surveyor whom the Krugers employed to survey the land they had purchased included the land comprising Parcel 3D in his survey of Parcel 3B so as to bring the total area closer to 13 acres. But these facts are of no legal significance. For the action of the surveyor was in error although unwitting. And it is clear from the contract of sale that Smith contracted to sell only the portion remaining in his hands of the land which he had acquired from Louis Andersen, i. e., the remainder of Parcel 3B, whatever it might be, and that he had no intention of selling them the acre of land which he had acquired from Jane Knevels, i. e., Parcel 3D. It is significant that the deed which Smith gave to the Krugers in 1954 for Parcel 3B described the parcel as comprising 13 acres "more or less". The fact that the parcel turned out upon survey to be somewhat less rather than more than 13 acres did not entitle the Krugers to additional land which was not included in the conveyance and which they had not contracted to purchase. Brudvig v. Renner, 1959, 172 Cal.App.2d 522, 342 P.2d 276. On the

contrary the phrase "more or less" indicated merely that 13 acres was the approximate and not the precise area of the parcel of land which was being conveyed to them by designation. Stebbins v. Eddy, 1827, 4 Mason 414, Fed.Cas.No. 13,342; Brewer v. Schammerhorn, 1958, 183 Kan. 739, 332 P.2d 526, 531–532; Overly v. Treasurer & Receiver General, 1962, 344 Mass. 188, 181 N.E.2d 660, 663. In these circumstances the actual metes and bounds of the designated parcel of land were controlling and not the area given as "more or less". Leonard v. Wood, 1961, 233 Ark. 769, 348 S.W.2d 696; Annotations, 70 A.L.R. 368; 1 A.L.R.2d 9, 46.

The judgment of the district court will be affirmed.