**MAGDA G. PENDALL, Plaintiff**

**v.**

**VIRGIN ISLANDS TITLE & TRUST COMPANY, Executor of the
ESTATE of HANSINE HANSEN, deceased, Defendant**

## Civil No. 150-1965

## District Court of the Virgin Islands

### Div. of St. Croix
### Christiansted Jurisdiction

## Filed January 25, 1968

VINCENT A. GAMAL, ESQ., *for plaintiff*
GUY L. QUALLS, ESQ., *for defendant*
MARIS, *Circuit Judge*

## OPINION

The plaintiff asserts that she and her husband in 1950 purchased 4.5313 acres of land from the defendant's decedent but that the two parcels of land which the deed given by the defendant's decedent conveyed to them, actually contained only 3.5591 acres although the deed recited that they comprised 4.5313 acres. Her husband having conveyed his interest to her, she sues to recover the purchase price of the unconveyed 0.9722 acre.

The deed from the defendant's decedent dated February 17, 1950, and recorded in the Recorder's Office in 7 FD, page 12, No. 338/1950, conveyed "Parcel No. 6 and Parcel No. 7 of Estate Orange Grove, Company Quarter St. Croix, Virgin Islands, U.S.A., consisting of 1.6067 U.S. Acres and 2.9246 U.S. Acres, respectively, or a total of 4.5313 U.S. Acres, and Matr. as 3F and 3G respectively, as shown on drawing No. 201, page No. 201, made by Daniel Valls, Jr., dated December 16, 1949, and recorded in the records of the Public Works Department of the Municipality of St. Croix, Virgin Islands." The Valls survey plan referred to, shows the two parcels of land by metes and bounds and indicates that the areas within the metes and bounds thus shown contained the acreage mentioned in the deed. A resurvey of the parcels in question made in 1962 revealed, however, that the acreage of the parcels was only 3.5591 acres, a deficiency of 0.9722 acre. As I have said, it is to recover the amount allegedly paid for this 0.9722 acre that the present suit was brought.

■■ I find from the testimony that the plaintiff before purchasing the parcels of land in question pointed out on the ground to the daughter of the defendant's decedent, then an aged woman and now deceased, and to the surveyor Valls, the exact dimensions of the plots which she desired to purchase. Parcels Nos. 6 and 7 as shown on the survey and conveyed by the deed are the precise plots which the plaintiff pointed out. I am satisfied that the purchase which she and her husband then made was of these precise plots as pointed out by her and described by metes and bounds on the Valls survey plan and was not a purchase or conveyance by acreage. Under these circumstances the description by metes and bounds prevails over the inconsistent reference to acreage. Thorp v. Smith, 3 Cir. 1965, 5 V.I. 209, 344 F.2d 452.

I conclude that the plaintiff and her husband received the full amount of land which they purchased and that she is not entitled to recover any of the purchase price on account of the alleged deficiency in the acreage as erroneously shown on the Valls survey and recited in the deed.

The complaint will accordingly be dismissed.