**RED HOOK MARINA CORP., Appellee**

v.

**ANTILLES YACHTING CORP., Appellant**

No. 72-1338

United States Court of Appeals

Third Circuit

Argued at Christiansted January 29, 1973

Filed May 15, 1973

RICHARD E. GRUNERT, ESQ. (GRUNERT, STOUT & HYMES), St. Thomas, V.I., *for appellant*

ROGER L. CAMPBELL, ESQ. (LOUD & CAMPBELL), St. Thomas, V.I., *for appellee*

Before MARIS, VAN DUSEN and ROSENN, *Circuit Judges*

OPINION OF THE COURT

MARIS, *Circuit Judge*

This is an appeal by the defendant from a judgment of the District Court of the Virgin Islands granting the plaintiff's motion for summary judgment in its suit to recover the unpaid balance due on a note and to foreclose a purchase money mortgage which secured the note. The judgment appealed from also dismissed the defendant's counterclaim for damages for alleged breach of the plaintiff's warranties of title. The defendant's sole defense to the suit was based on the allegations of its counterclaim, which the district court quite properly treated as in effect interposing the defense of set off. Briefly stated this defense was that one of the parcels of land which were conveyed by the plaintiff to the defendant, for a portion of the purchase price of which

the note was given and which were included in the purchase money mortgage sought to be foreclosed, includes land in the Caribbean Sea over which the United States and the Government of the Virgin Islands claim title and control, which claim is a cloud on defendant's title and a breach of the warranties of title contained in its deed, as a result of which the defendant has suffered damage in excess of the balance due on the note in suit. The district court, in an opinion by Chief Judge Christian, 1971, 9 V.I. 236, concluded that the counterclaim does not raise a substantial issue of fact and is without support in law. The court accordingly dismissed the counterclaim and entered summary judgment in favor of the plaintiff on the complaint. The present appeal by the defendant followed. We affirm for the reasons hereinafter stated.

Cutting through the maze of procedural objections which the defendant has raised on appeal, and which we find so insubstantial as to require no discussion, and going directly to the heart of the controversy between the parties, as the district court properly did, we find that there is only one genuine issue in the case. It is whether Parcel No. 101 of Estate Frydenhoj, No. 3 Red Hook Quarter, St. Thomas, one of the two adjoining parcels of land which were conveyed by the plaintiff to the defendant by a warranty deed dated April 8, 1969 and which were included in the purchase money mortgage which was given by the defendant to the plaintiff to secure the note in suit, did or did not include a portion of the Caribbean Sea lying to the southwest of the fast land included in the parcel. To determine this issue we must look to the defendant's deed to determine what that instrument, construed according to the accepted canons of construction, purported to convey. If the plaintiff's deed must be construed as purporting to convey to the defendant as part of the parcel of land in question an area lying in the sea then the defendant's contention that the

plaintiff's warranties of title have been breached because of the alleged claims of the United States and the Government of the Virgin Islands to the seabed might well raise issues of fact for trial. But if, on the other hand, the deed, properly construed, actually conveyed only the land above high-water mark, then this issue, which as we have said, is the one raised by the defendant's counterclaim or set off, drops out of the case and summary judgment was properly entered for the plaintiff as a matter of law.

We turn then to the description of the parcel of land in question which is attached to the deed and made part of it. It is as follows:

"Beginning at a bound post located at the southwest corner of Parcel No. 102, the line runs:

"South 49 degrees 37 minutes East along Parcel No. 102, a distance of 113.7 feet, more or less, to a bound post; thence turning

"South 34 degrees 20 minutes West along Parcel No. 50A, a distance of 50.9 feet, more or less, to a bound post; thence continuing

"In the same direction a distance of 20 feet, more or less, to a point; thence turning

"In a general easterly direction along Parcel No. 101, a distance of 345 feet, more or less, to a point; thence turning

"South 21 degrees 44 minutes West along portion of Estate Frydenhoj, a distance of 157 feet, more or less, to a bound post; thence continuing

"South 21 degrees 44 minutes West along portion of Estate Frydenhoj, a distance of 294 feet, to the sea; thence turning

"Along the sea in a general northwesterly direction, a distance of 470 feet, more or less, to a point, thence turning

"North 15 degrees 47 minutes East along Parcel No. 83, a distance of 294 feet, more or less, to the point of beginning.

"The area is 2.7 acres."

■■ The sixth, seventh and eighth courses in the foregoing description are those which the defendant alleges run into, through and out of the sea, thereby including in the parcel of land conveyed a part of the seabed. It will be noted that the sixth course is stated to run South 21 degrees

601

44 minutes West a distance of 294 feet *to the sea*. While it may well be that this course if extended 294 feet from the bound post where it begins would run into the sea it will be noted that it is described as extending "to the sea," not into it. Thus the margin of the sea is called for as a terminating monument. Likewise the seventh course is described as extending in a general northwesterly direction a distance of 470 feet more or less *along the sea*, not through it. Thus on this course the margin of the sea is again called for as a bounding monument. It is settled in the Virgin Islands, as elsewhere, that under these circumstances the call for a natural or permanent monument or object, in this case the sea, will prevail over any conflicting call for a specified distance. Kruger & Birch, Inc. v. Du Boyce, 3 Cir. 1957, 3 V.I. 599, 241 F.2d 849. And this is also true if the area called for by the description, in this case 2.7 acres, is greater or less than the actual area defined by the metes and bounds. Thorp v. Smith, 3 Cir. 1965, 5 V.I. 209, 344 F.2d 452. It follows, therefore, that the defendant's deed must be construed as having conveyed to it a parcel of land, designated Parcel No. 101, which extended to the margin of the sea but not into it.

It may be presumed, in the absence of evidence to the contrary, that the United States or the Government of the Virgin Islands as its grantee owns the bed of the sea surrounding the island of St. Thomas. Burns v. Forbes, 3 Cir. 1969, 7 V.I. 256, 412 F.2d 995. Certainly the title of the owner of riparian land abutting the sea extends only to its margin. But the question remains as to whether that margin is defined by the ordinary high-water or low-water mark. If it is the low-water mark which defines the limit of ownership of a riparian owner, as was provided by 28 V.I.C. § 47 (5) prior to its amendment in 1971, there might well be an issue in the case as to whether the alleged claim of the United States or the Government of the Virgin Is-

lands to the bed of the sea up to high-water mark did not raise a cloud on the defendant's title to the foreshore between the high-water and low-water marks which might involve a breach of the plaintiff's warranties of title.

In Burns v. Forbes, 3 Cir. 1969, 7 V.I. 256, 260–261, 412 F.2d 995, 997, footnote 5, this question was left undecided by us as unnecessary to the decision. It is now presented to us for determination. Chief Judge Christian discussed the question at length in his opinion in the present case and on the basis of the authorities, both American and Danish, which he cited, concluded that in the Virgin Islands the title of a riparian owner of land abutting tidal water extends only to the ordinary high-water mark, and that the ownership of the foreshore between high-water and low-water mark is in the United States, or in the Government of the Virgin Islands to the extent that the latter has been granted title thereto by the United States. We are in complete accord with the conclusion of the district court in this regard. It follows that 28 V.I.C. § 47(5), as it existed prior to its amendment in 1971, was invalid to the extent that it sought to establish title in the riparian owner to the foreshore between high-water and low-water marks abutting his fast land. Certainly the legislature of a territory such as the Virgin Islands is without power thus to divest the United States of its established title to the foreshore.

We need only add that we are not here passing upon the validity or effect of 28 V.I.C. § 47(5) as amended by the Act of June 3, 1971, No. 3063, sec. 3, which would appear still further to limit the rights of a riparian owner. The Act of 1971 has superseded, by its amendment, the provisions of the former § 47(5) of title 28 V.I.C. which, as we have seen, contrary to the settled law and without regard to the rights of the United States, purported to extend to low-water mark the title of a grantee of land bounded by tidewater.

It thus appears that the deed which the defendant received from the plaintiff actually conveyed to it only that portion of the area encompassed within the courses and distances describing Parcel No. 101 which lies above the ordinary high-water mark along the margin of the abutting sea and did not convey any portion of the foreshore or seabed lying below high-water mark. There can, therefore, be no lawful claim of title by the defendant to the foreshore or seabed abutting its land which could overlap that of the United States or the Government of the Virgin Islands so that the claim of the latter might be said to be a conflicting one which casts a cloud upon the title to a portion of the defendant's land. We conclude that the district court rightly held that the defendant's defense of set off and counterclaim which were based on its alleged ownership of foreshore and seabed raised no substantial issue of fact and were without legal support.

The judgment of the district court will be affirmed.