**PETER BAY OWNERS ASSOCIATION, INC., Plaintiff**

**v.**

**ANDREW R. STILLMAN, JOY H. STILLMAN, JOHN G. CATTS, and SHEILA J. ROEBUCK, Defendants**

**ANTONIO GODINEZ, BONNIE GODINEZ, PAUL DUE, GENEVIEVE DUE, and ETHLYN HALL, Intervening Counterclaim Plaintiffs**

**v.**

**JAMES HENRY, CAROL HENRY, L.D. KIRK, SUZANNE KIRK, SCOTT F. MEESE, DONNA G. MEESE, ARIE LIEBESKIND, DOREEN LEIBESKIND, JIM R. HAYES, ZAQUIN S. HAYES, JEFFREY PRICE, STEVEN PAUL, JANN PAUL, ST. JOHN LAND INVESTMENT L.P., and ANDREWS ST. JOHN TRUST, Intervening Counterclaim Defendants**

Civ No. 97-0036

District Court of the Virgin Islands

Div. of St. Thomas and St. John

July 8, 1999

JAMES M. DERR, ESQ., St. Thomas, U.S.V.I., *for Plaintiff, Peter Bay Owners Association, Inc.*

J. Daryl Dodson, Esq., St. Thomas, U.SV.I., *for Defendants, Andrew R. Stillman, Joy H. Stillman, John G. Catts, Sheila J. Roebuck*

John H. Benham, Esq., St. Thomas, U.S.V.I., *for Defendants, Andrew R. Stillman, Joy H. Stillman*

Henry C. Smock, Esq., St. Thomas, U.S.V.I., *for Intervening Counterclaim Plaintiffs, Antonio Godinez, Bonnie Godinez, Paul Due, Genevieve Due*

Samuel H. Hall, Esq., St. Thomas, U.S.V.I., *for Intervening Counterclaim Plaintiff, Ethlyn Hall*

Gregory H. Hodges, Esq., Chad C. Messier, Esq., St. Thomas, U.S.V.I., *for Intervening Counterclaim Defendants, James Henry, Carol Henry, L.D. Kirk, Suzanne Kirk, Scott F. Meese, Donna B. Meese, Arie Liebeskind, Doreen Liebeskind, Jim R. Hayes, Zaquynn S. Hayes, Jeffory Price, Steven Paul, Jann Paul, St. John Land Investment L.P., The Andrews St. John Trust*

BROTMAN, *Judge*

## MEMORANDUM OPINION

Presently before the Court are the summary judgment motions on which the Court reserved judgment in its October 26, 1998 opinion and order. These motions include the summary judgment motion of intervening counterclaim plaintiffs Antonio Godinez and Bonnie Godinez ("the Godinezes") and Paul Due and Genevieve Due ("the Dues") in which defendants Andrew Stillman and Joy Stillman ("the Stillmans") join, the summary judgment motion of intervening counterclaim plaintiff Ethlyn Hall ("Hall"), and the cross-motion of plaintiff Peter Bay Owners Association, Inc. ("Peter Bay").

## I. FACTUAL AND PROCEDURAL BACKGROUND

The facts of this case are fully described in the Court's October 26, 1998 opinion in this matter, as well as in the Findings of Fact and Conclusions of Law issued by the Court today along with this opinion. In the interest of clarity, the Court will briefly reiterate the facts relevant to the pending motions for summary judgment

which involve count four of the counterclaim filed in this matter by defendants Andrew and Joy Stillman. Count four of the Stillmans' counterclaim seeks clarification of the extent of the beach easement created by the August 21, 1975 Partitioning Decree issued by this Court (the late Warren Young presiding) in the case of *Harthman v. Harthman*, 1975 U.S. Dist. LEXIS 16494, 12 V.I. 142 (D.V.I. 1975).[1] Between December of 1997 and June of 1998, intervening counterclaim plaintiffs the Godinezes and the Dues filed a motion for summary judgment on the beach easement issue raised in count four of the Stillmans' counterclaim, as did intervening counterclaim plaintiff Hall. Peter Bay and the intervening counterclaim defendants filed cross-motions for summary judgment. In their cross-motion, the intervening counterclaim defendants argued that the limitations period had run on count four of the Stillmans' counterclaim. In its October 26, 1998 opinion and order, the Court denied this cross-motion on the grounds that there existed a genuine issue of material fact regarding whether the limitations period had run. The Court reserved judgment on the other summary judgment motions. On April 15, 1999, the Court presided over a bench trial on this issue. In an opinion filed today, the Court determined that at the time the Stillmans filed their counterclaim the limitations period had not run on the issue raised in count four, specifically the extent of the beach easement created by the *Harthman* Partitioning Decree. The Court will now resolve the pending summary judgment motions.

## II. DISCUSSION

### A. STANDARD FOR SUMMARY JUDGMENT

The standard for granting a motion for summary judgment is a stringent one, but it is not insurmountable. Fed. R. Civ. P. 56 provides that summary judgment may be granted only when materials of record "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Serbin v. Bora Corp.* 96 F.3d 66, 69 n.2 (3d Cir. 1996).

---

[1] Specifically, the Stillmans seek a declaration that the beach easement extends from the 1975 low water mark to the berm line. *See* Stillmans' Countercl., ¶ 41.

In deciding whether there is a disputed issue of material fact, the court must grant all reasonable inferences from the evidence to the non-moving party. The threshold inquiry is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986).

Supreme Court decisions mandate that a summary judgment motion must be granted unless the party opposing the motion "provides evidence 'such that a reasonable jury could return a verdict for the nonmoving party.'" *Lawrence v. National Westminster Bank New Jersey*, 98 F.3d 61, 65 (3d Cir. 1996) (quoting *Anderson*, 477 U.S. at 248, 106 S. Ct. at 2510). Once the moving party has carried its burden of establishing the absence of a genuine issue of material fact, "its opponent must do more than simply show that there is some metaphysical doubt as to material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986). The non-moving party must "make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial." *Serbin*, 96 F.3d at 69 n.2 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986)); *see also Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 500 (3d Cir. 1991) (declaring that non-movant may not "rest upon mere allegations, general denials, or . . . vague statements"). Thus, if the non-movant's evidence is merely "colorable" or is "not significantly probative," the court may grant summary judgment. *Anderson*, 477 U.S. at 249-50, 106 S. Ct. at 2511.

## B. PENDING SUMMARY JUDGMENT MOTIONS

Having determined that the statute of limitations has not run on count four of the Stillmans' counterclaim, the Court must decide the remaining motions for summary judgment on their merits. In essence, the parties request that the Court determine as a matter of law the extent of the beach easement created by the *Harthman* Court. The defendants and intervening counterclaim plaintiffs ask the Court to find that the easement extends from the 1975 low water mark to the berm line while the plaintiff asks the Court to

find that the easement extends a flat fifty feet inland from the 1975 low water mark.

### 1. Interpreting the Partitioning Decree

■ When a court issues a judgment, it retains the power to interpret that judgment at a later date. *See Coca-Cola Bottling Co. of Elizabethtown, Inc. v. Coca-Cola Co.*, 98 F.R.D. 254, 273 (D. Del. 1983) (*citing United States v. Swift & Co.*, 286 U.S. 106, 114, 76 L. Ed. 999, 52 S. Ct. 460 (1932); *Root v. Woolworth*, 150 U.S. 401, 410-11, 37 L. Ed. 1123, 14 S. Ct. 136 (1893)). It is generally accepted that a court interpreting a prior judgment should look within the four corners of the decision for guidance:

> [The Tenth Circuit] has said that the purpose of construing ambiguous provisions in a judgment is to give effect to what is already latently in the judgment. The Sixth Circuit has pointed out that: Where a judgment is susceptible of two interpretations, it is the duty of the court to adopt the one which renders it more reasonable, effective and conclusive in the light of the facts and the law of the case. The Seventh Circuit has held that an ambiguous judgment must be construed so as to give effect to all of its parts.

*Ridley v. Phillips Petroleum Co.*, 427 F.2d 19, 23 (10th Cir. 1970) (citations omitted). Therefore, the Court takes its direction from the *Harthman* decision.

Both sides in the instant litigation find support for their positions in the language of the *Harthman* decision. The parties, however, do not give sufficient consideration to the context of the language they cite. It is context which gives meaning to this language; only by considering the *Harthman* Court's language in context is it possible for this Court to ascertain the extent of the beach easement intended by the *Harthman* Court.

Before rendering its decision on August 21, 1975, the *Harthman* Court appointed three Commissioners to make recommendations regarding the partitioning, including the beach easement. In its opinion, the *Harthman* Court sometimes refers to the Commissioners' recommendations and sometimes makes its own determina-

367

tions. In interpreting the decision, it is important to distinguish between these two situations. The *Harthman* Court makes two references to the Commissioners' recommendation regarding the beach easement. It is clear from these references that the Commissioners recommended a flat fifty-foot beach easement. The Court writes that "the Commissioners recommended . . . a fifty-foot (50') wide beach easement adjacent to and along the water's edge." *Harthman*, 12 V.I. at 148. It also writes that the Commissioners "have indicated a strip of beach from the water's edge to a point 50' inland (approximately to the berm) for a mutual easement of the use and enjoyment of the beach." *Id.* at 154.

It is also clear that the Court took issue with this recommendation. In the part of the Court's opinion entitled Partitioning Decree, the Court states that it approved the survey the Commissioners created to reflect their recommendation with five exceptions, one of which involved the beach easement:

> The subdivision of proposed parcels made by the [C]ommissioners in their Report of February 14, 1975 . . . is hereby accepted and approved with five exceptions, to wit:
>
> . . . .
>
> (d) There should be shown a beach easement from the water's edge to the berm line—approximately 50' inland on Parcels 2A, 3A, 4A, 5A and 6A. The line on parcel 1B should be closer to the rocky shore.

*Id.* at 156-57. Had the Court intended to accept the Commissioners' recommendation with regard to the beach easement, it would not have explicitly taken exception to the recommendation. Later in its Partitioning Decree, the *Harthman* Court discusses the beach easement at greater length. In that discussion, the Court describes the easement as existing "approximately 50' inland from the low-water mark on all waterfront parcels (except partially on 1B)." *Id.* at 158. Although the Court does not explicitly refer to the berm line here, it takes the phrase "approximately 50' inland" from its own prior description of the beach easement rather than from its earlier descriptions of the Commissioners' recommendation.

The Court addresses the extent of the beach easement only one other time in its decision. In that discussion, the Court indicates

that it wants the beach area in Peter Farm, "in accordance with the policies spelled out in the Virgin Islands Open Shorelines Act, 12 V.I.C. § 401 et seq., . . . [to] remain open to all the owners equally." Id. at 156. The Court goes on to state that "no obstruction or barrier shall be constructed across or within the 'shorelines' of said property, as that term is defined in Section 402(b) of the Act, and each plot shall include a mutual easement of the entire area encompassed by the shoreline." Id. The Legislature passed the Open Shorelines Act ("Act") to preserve public access to the Virgin Islands shorelines. See 12 V.I.C. § 401. Pursuant to Section 402(b) of the Act, the "shorelines" to which the public must have access extend "from the seaward line of low tide, running inland a distance of fifty (50) feet; or to the extreme seaward boundary of natural vegetation which spreads continuously inland; or to a natural barrier; whichever is the shortest distance." As much as the Legislature wanted to preserve shoreline access through passage of the Act, it wanted to intrude as little as possible upon the owners of beachfront property. The Harthman Court's designation of an easement to the berm line, rather than a flat fifty-foot easement, is therefore consistent with the policy behind the Act.

▇ Even if the extent of the beach easement created by the Harthman decision were less clear, this Court would have no trouble resolving the ambiguity in favor of an easement to the berm line. It is settled in the Virgin Islands that in a conveyance,[2] a reference to a natural or permanent monument or object, in this case the berm line, will prevail over a conflicting reference to a specified distance, in this case a flat fifty feet. See Newfound Management Corp. v. Sewer, 885 F. Supp. 727, 749-50 (D.V.I. 1995), aff'd, 131 F.3d 108 (3d Cir. 1997); Red Hook Marina Corp. v. Antilles Yachting Corp., 478 F.2d 1273, 1275 (3d Cir. 1973); Kruger & Birch v. Du Boyce, 241 F.2d 849, 853 (3d Cir. 1957).

▇ The Court concludes that the Harthman Partitioning Decree created an easement from the 1975 low water mark to the berm

---

[2] In the Virgin Islands, judgments requiring the execution of a conveyance of real estate have the same effect as conveyances. See 28 V.I.C. § 130 (Michie 1996). Therefore, the Court will treat the Harthman judgment as a conveyance for purposes of interpretation.

line. Map D9-1330-T77 and subsequent maps created pursuant to Map D9-1330-T77 incorrectly designated a flat fifty foot easement.

## 2. Giving Effect to the Partitioning Decree

When a surveyor, acting pursuant to a partitioning decree, creates a survey that fails to follow the dictates of the decree, a court must determine whether to give effect to the decree or to the erroneous survey. Where the affected parcels are still owned by the parties to the partitioning decree, the court must give effect to the partitioning decree. *See Townsend v. Hayt*, 51 Barb. 334, 344 (N.Y. Sup. Ct. 1868) (finding that when an error is made by a surveyor attempting to give effect to a partitioning decree, the partitioning decree, rather than the survey, controls where the landowner is an original party to the decree). Where, however, the parcels have been transferred by deeds which incorporate the erroneous survey, the court must give effect to this survey.[3] *See Hull v. Fuller*, 7 Vt. 100, 108 (1835) (finding that when an error is made by a government-appointed surveyor and the affected property is subsequently conveyed by a deed which incorporates the erroneous survey, the survey controls); *see also* 66 Am. Jur. 2d Records and Recording Laws § 135 (1973) ("If in recording a deed, the boundaries are incorrectly described, so that it would appear to convey only a part of the land conveyed in the original deed, the record would be good . . . only of a conveyance of so much as appeared on the record to be conveyed.").

In the present case, Hall, who owns parcel 16, is the only original party to the Partitioning Decree who has retained her property. The Court will therefore give effect to the *Harthman* Partitioning Decree with regard to Hall's property: parcel 16 is subject to an easement extending from the 1975 low water mark to the berm line.

The other owners of beachfront property acquired their title through deeds which referenced survey maps depicting a flat fifty-foot easement. The Godinezes, who own parcel 2A, and the Dues, who own parcel 1, obtained their title pursuant to warranty

---

[3] A deed which describes property by reference to a map or survey is considered as having adopted the map or survey as part of the deed so that the grantee takes title in accordance with the boundaries identified therein. *See* 12 Am. Jur. 2d Boundaries § 5 (1997).

deeds that described the properties by referencing P.W.D. Drawing No. D9-4391-T88. *See* Defs.' Mot. for Summ. J., Exs. B and C. Joy Stillman, who owns parcel 10A, obtained her title pursuant to a warranty deed which described the property by referencing P.W.D. Drawing Nos. D9-5369-T92. and D9-1331-T77. *See* Defs.' Andrew and Joy Stillman's Opp'n to Intervening Pls.' Cross-Mot. for Summ. J., Ex. F. Andrews St. John Trust, which owns parcel 13-A, obtained its title pursuant to a warranty deed which described the property by referencing O.L.G. No. D9-5259-T92. *See* July 2, 1992 Warranty Deed by and between St. John Land Investment Limited Partnership and Michael Oxman, Trustee of the Andrews/St. John Trust. P.W.D. D9-4391-T88 shows a 50' Beach Easement per PWD # D9-1330-T77." Defs.' Mot. for Summ. J., Ex. D. Map D9-1330-T77 shows the "Bounds of Beach Easement 50' Wide."[4] Def.-Intervenors Godinez and Due's Reply to Opp'n to Defs.' Mot. for Summ. J. and Opp'n to Cross-Mot. for Summ. J., Ex. B. P.W.D. D9-5369-T92 shows the "Limits of 50' Wide Beach Easement."[5] Supplemental Aff. of James M. Derr in Supp. of Pl.'s Mot. for Summ. J., Attach. O.L.G. No. D9-5259-T92 shows an "Existing 50' Beach Easement Per D9-1330-T77."

---

[4] This map also states as follows:

> This division is made pursuant to the partition decree issued in Civil No. 414-1970 in the District Court of the V.I., Judge Young.

Intervening Pls.' Mem. of Points and Authorities in Supp. of Cross-Mot. for Summ. J. and Joining in the Association's Opp'n and Cross-Mot. for Summ. J., Ex. 1. The map makes no other reference to the Partitioning Decree or to the language the *Harthman* Court used to describe the beach easement. *See id.*

[5] This map also contains notes which state as follows:

> Note 1: The reference bearing for this survey is the line labelled [sic] "A" to "B". The bearing of this line has been taken from the survey plat with the P.W.D. No. D9-1330-T77. The plat and field distances are the same. All other bearings and distances are from field information.

> Note 2: The coordinate system and north rotation are taken from the survey plat with P.W.D. No. D9-1330-T77.

> Note 3: Water line taken from survey plat with P.W.D. No. D9-1330-T77.

> Note 4: Vegetation line from field survey.

Supplemental Aff. of James M. Derr in Supp. of Pl.'s Mot. for Summ. J., Attach. The map makes no direct reference to the Partitioning Decree or to the language the *Harthman* Court used to describe the beach easement.

■ Because the Godinezes, the Dues, the Stillmans, and the Andrews St. John Trust acquired title through deeds which referenced survey maps depicting a flat fifty-foot easement, their property is subject to easements extending a flat fifty-feet inland from the 1975 low water mark. *See Hull,* 7 Vt. at 108 ("Whatever then might have been his previous claims, they were limited and defined by that deed, which, being recorded, was notice to all the world, to the plaintiff as well as others, that he claimed only the lot, as the commissioners had made it. He could have no constructive possession of any thing more thereafter, and any previous claim to any greater extent was ipso facto abandoned by the acceptance and recording of that deed.").

## III. CONCLUSION

For the reasons stated above, the Court will grant the summary judgment motions filed by defendants and intervening counterclaim plaintiffs and deny the summary judgment motion filed by intervening counterclaim defendants. An appropriate order will be entered.

## ORDER

THIS MATTER having come before the Court on the summary judgment motion of intervening counterclaim plaintiffs Antonio Godinez and Bonnie Godinez and intervening counterclaim plaintiffs Paul Due and Genevieve Due in which defendants Andrew Stillman and Joy Stillman join, the summary judgment motion of intervening counterclaim plaintiff Ethlyn Hall, and the cross-motion for summary judgment of plaintiff Peter Bay Owners Association, Inc., pursuant to Fed. R. Civ. P. 56; and

The Court having reviewed the record and the submissions of the parties; and

This Court having heard oral argument on the summary judgment motions on June 15, 1998;

For reasons set forth in the Court's opinion of this date,

IT IS on this 8th day of July, 1999 hereby

ORDERED that parcels 1, 2A, 10A, and 13-A of Peter Farm of Estate Peter Bay, 2 aa Maho Quarter, St. John, U.S. Virgin Islands,

are subject to an easement extending a flat fifty feet inland from the 1975 low water mark, as depicted on P.W.D. D9-1330-T77, P.W.D. D9-4391-T88, P.W.D. D9-5369-T92, and O.L.G. D9-5259-T92; and

IT IS FURTHER ORDERED that parcel 16 of Peter Farm of Estate Peter Bay, 2 aa Maho Quarter, St. John, U.S. Virgin Islands, is subject to an easement extending from the 1975 low water mark to the berm line, as articulated in the Partitioning Decree issued by this Court on August 21, 1975 in the case of *Harthman v. Harthman*, 12 V.I. 142 (D.V.I. 1975).[6]

No costs.

---

[6] Counsel shall submit to the Court within two weeks from the date of this order statements describing the outstanding issues, if any, in this case.