PETER BAY OWNERS ASSOCIATION, INC., Plaintiff,

v.

Andrew R. STILLMAN, Joy H. Stillman, John G. Catts, and Sheila J. Roebuck, Defendants.

Antonio Godínez, Bonnie Godínez, Paul Dué, Genevieve Dué, and Ethlyn Hall, Intervening Counterclaim Plaintiffs,

v.

James Henry, Carol Henry, L.D. Kirk, Suzanne Kirk, Scott F. Meese, Donna G. Meese, Arie Liebeskind, Doreen Liebeskind, Jim R. Hayes, Zaquynn S. Hayes, Jeffrey Price, Steven Paul, Jann Paul, St. John Land Investment L.P., and Andrews St. John Trust, Intervening Counterclaim Defendants.

Civ.A. No. 97–0036.

District Court, Virgin Islands, D. St. Thomas and St. John.

Feb. 6, 2002.

James M. Derr, St. Thomas, VI, for Plaintiff Peter Bay Owners Association, Inc.

J. Daryl Dodson, Law Offices of Moore & Dodson, St. Thomas, VI, for Defendants Andrew R. Stillman, Joy H. Stillman, John G. Catts and Sheila J. Roebuck.

John H. Benham, Watts & Benham, P.C., St. Thomas, VI, for Defendants Andrew R. Stillman and Joy H. Stillman.

Henry C. Smock, Law Offices of Henry C. Smock, St. Thomas, VI, for Intervening Counterclaim Plaintiffs Antonio Godinez, Bonnie Godinez, Paul Due and Genevieve Due.

Samuel H. Hall, Birch, Dejongh, Hindels & Hall, St. Thomas, VI, for Intervening Counterclaim Plaintiff Ethlyn Hall.

Gregory H. Hodges, Chad C. Messier, St. Thomas, VI, for Intervening Counterclaim Defendants James Henry, Carol Henry, L.D. Kirk, Suzanne Kirk, Scott F. Meese, Donna B. Meese, Arie Liebeskind, Doreen Liebeskind, Jim R. Hayes, Zaquynn S. Hayes, Jeffory Price, Steven Paul, Jann Paul and St. John Land Investment L.P.

W.T. Jerome, St. John, VI, for intervenors Ned Lemkemeier, Sally Lemkemeier and David Mugar.

Matthew J. Duensing, Stryker, Duensing, Casner & Dollison, St. Thomas, VI, for Intervening Counterclaim Defendants James Henry, Carol Henry and Robert D. Blakeney II.

Susan Bruch Moorehead, Grunert Stout & Bruch, St. Thomas, V.I., for Intervening Counterclaim Defendant Andrews St. John Trust.

## OPINION ON MOTION FOR STAY OF JUDGMENT

BROTMAN, District Judge.

## OPINION ON MOTION FOR ADDITIONAL TIME

## OPINION ON MOTION FOR RECONSIDERATION

Presently before the Court is Peter Bay Owners Association's Motion for Stay of Judgment Pending Appeal, and Robert D. Blakeney II and James and Carol Henry's Motion for Additional Time to File Motion for Reconsideration, or in the Alternative, to Have the Court Deem the October 26, 2001 Motion for Reconsideration as a Motion for Relief Under F.R.C.P. 60(b) and Motion for Reconsideration of the Court's August 22, 2001 Order, or in the Alternative, for an Evidentiary Hearing.

## I. *FACTUAL AND PROCEDURAL BACKGROUND*

The facts of this lengthy, protracted land dispute are described in several published opinions and are set forth only as relevant to the presently pending motions. *See Peter Bay Owners Ass'n v. Stillman,* 163 F.Supp.2d 537 (D.Vi.2001); *Peter Bay Owners Ass'n v. Stillman,* 58 F.Supp.2d 640 (D.Vi.1999); *Peter Bay Owners Ass'n v. Stillman,* 1999 WL 93538 (D.Vi. Feb. 16, 1999); *Peter Bay Owners Ass'n v. Stillman,* 1998 WL 779038 (D.Vi. Oct. 26, 1998).

The only remaining, disputed issue in this litigation is the extent of a beach easement created by the August 21, 1975 Partitioning Decree ("Partitioning Decree") issued by the late Judge Young in the case of *Harthman v. Harthman,* 12 V.I. 142 (D.V.I.1975). *See Peter Bay,* 163 F.Supp.2d at 539. In a July 15, 1999 Opinion ("1999 Opinion"), the Court held that the Partitioning Decree created an easement which extended from the 1975 low-water mark to the vegetation berm line. *Peter Bay,* 58 F.Supp.2d at 645. The Court gave effect to the Partitioning Decree with regard to Ethlyn Hall's ("Hall") property because she was the only original party who

received her parcel pursuant to the Partitioning Decree. Accordingly, her parcel of property was subject to an easement extending from the 1975 low-water mark to the berm line. *Peter Bay*, 58 F.Supp.2d at 645. The Court further held that because Antonio and Bonnie Godinez ("the Godinezes"), Paul and Genevieve Due ("the Dues"), Andrew R. and Joy H. Stillman ("the Stillmans"), and the Andrews St. John Trust acquired title through deeds that erroneously referenced survey maps depicting a flat fifty-foot easement, their property was subject to easements extending a flat fifty-feet inland from the 1975 low-water mark. *Id.* at 645–46. In coming to this determination, the Court relied on a Vermont Supreme Court case and general principles in American Jurisprudence (Second Edition) for the proposition that when a grantee takes title in accordance with boundaries defined by a survey or map, even if erroneous, the deed incorporates the survey or map. *See Peter Bay*, 163 F.Supp.2d. at 540 (providing citations).

The Stillmans, the Godinezes, and the Dues [1] ("movants") filed motions for reconsideration of the 1999 Opinion, arguing that the Court overlooked controlling law. *Id.* Andrews St. John Trust did not join in the motion for reconsideration. *Id.* at 539. In an August 22, 2001 Opinion ("2001 Opinion"), the Court vacated its 1999 Opinion and held that case law, the American Jurisprudence, and general principles set forth in Section 4.1 of the Restatement (Third) of Property require the easement boundaries to be determined in accordance with the parties' intent. *See Peter Bay*, 163 F.Supp.2d at 547 (listing cases). The Court further held that the parties to the original conveyances intended the

parcels to be subjected to the easement created in the Partitioning Decree. Thus, the Court concluded that the movants' parcels were only subject to an easement extending inland from the 1975 low-water mark to the vegetation berm line. *Peter Bay*, 163 F.Supp.2d at 550.

On August 30, 2001, Robert D. Blakeney II ("Blakeney") filed a Motion to Substitute and Intervene as Real Party in Interest based upon his purchase of Parcel No. 3 Estate Peter Bay from Intervening Counterclaim Defendant, the Andrews St. John Trust. On October 26, 2001, Blakeney and James and Carol Henry ("the Henrys") filed a Motion for Reconsideration of the Court's August 22, 2001 Order, or in the Alternative, for an Evidentiary Hearing ("Motion to Reconsider").[2] On October 30, 2001, the Court held a hearing to discuss all pending motions in this case. At this time, the Court granted Blakeney's unopposed Motion to Substitute and Intervene as Real Party in Interest.[3] The Court also directed the parties opposed to the Motion to Reconsider to initially respond by addressing solely the issue of whether the motion was timely.[4] If the Court determined that the motion was timely, the opposing parties would be notified and directed to address the Motion to Reconsider on its merits. After the hearing, Blakeney and the Henrys filed yet another motion entitled, "Motion for Additional Time to File Motion for Reconsideration, or in the Alternative, to Have the Court Deem the October 26, 2001 Motion for Reconsideration as a Motion for Relief Under F.R.C.P. 60(b)," and other parties subsequently filed opposition motions.

---

1. The Dues have since sold their Peter Farm parcel to Michael Burgamy, and he was substituted as an intervening counterclaim plaintiff. *Peter Bay*, 163 F.Supp.2d at 540–41.

2. Before filing this motion for reconsideration, Blakeney and the Henrys filed a notice of appeal to the Third Circuit Court of Appeals of this Court's 2001 Opinion. Plaintiff Peter Bay Homeowners Association, Inc. and Intervening Counterclaim Defendant Andrews St. John Trust also filed notices of appeal in this case.

3. At the hearing, the Court also denied the Godinezes' Motion for Injunctive Relief to Prevent Trespass, denied Plaintiff Peter Bay Owners As-

sociation's Motion for Order Certifying Judgment of August 22, 2001 as Appealable, Final Order, or in the alternative, Motion for Order Certifying Judgment as Appealable Interlocutory Decision, and granted Dudley, Topper & Feuerzeig, LLP's motion to withdraw as counsel.

4. Although the Court granted Blakeney's Motion to Substitute and Intervene as Real Party in Interest, this ruling did not encompass Blakeney's request for additional time "to respond to any pending motions or appeal the Court's August 22, 2001 ruling on motion for reconsideration," which was contained within the last paragraph of his motion to substitute and intervene.

## II. *DISCUSSION*

### A. Motion for Reconsideration

The Local Rules of the District Court of the Virgin Islands allow a party to file a motion for reconsideration within ten days after the entry of an order or decision.[5] LRCi 7.4. The court may grant an extension of time for "good cause shown." *Id.* A motion was not filed within the time allowed, and the time period was not extended by the Court. The Motion to Reconsider, which was filed more than two months after the 2001 Opinion was decided, cannot be considered a timely motion for reconsideration. Blakeney argues that his motion for reconsideration should be deemed timely because he was not a party to the litigation until October 30, 2001, when the Court granted his motion to substitute and intervene.[6] However, Blakeney's interests have been represented throughout this litigation by his predecessor in interest, the Andrews St. John Trust, and it is of no consequence that he did not himself have an opportunity to timely seek reconsideration of the 2001 Opinion.

When a judgment determines interests in real property, it "[h]as preclusive effects upon a person who succeeds to the interest of a party to the same extent as upon the party himself." *Restatement (Second) of Judgments* § 43; *see also Hodge v. McGowan*, No. 340–1988, 1993 WL 723699 at *5 (D.Vi. Dec. 23, 1993). Blakeney is bound by the failure of Andrews St. John Trust, his predecessor in interest, to timely file a mo-

tion for reconsideration. *Hodge*, 1993 WL 723699 at *5 ("Forcing appellants to bear the consequences for their predecessors' action or inaction may seem unfair. But the alternative—forcing appellees to bear those consequences—is more unfair."). As a substituted party and successor in interest, he does not receive a second chance to file a motion under this Rule. *Matter of Covington Grain Co., Inc.*, 638 F.2d 1362, 1364 (5th Cir.1981) (noting that the substitution of parties on transfer of interest "is not designed to create new relationships among parties to a suit but is designed to allow the action to continue unabated when an interest in lawsuit changes hands"); *Ransom v. Brennan*, 437 F.2d 513, 516 (5th Cir.1971) (noting that a "substituted party steps into the same position of the original party"). Blakeney's subsequent substitution in this action does not empower him to force the Court and other parties to relitigate an issue that has already been reviewed twice by this Court. If this were otherwise, any time a party purchased a parcel involved in this dispute, it would create another opportunity to file a motion for reconsideration, and there would be no end to this litigation. The Court thus holds that the Motion to Reconsider was not timely filed.[7]

### B. Rule 60(b) Relief From Judgment or Order

The Federal Rules of Civil Procedure allow a party to seek relief from a final judgment or order. Fed.R.Civ.P. 60(b).[8] Blakeney

---

5. A motion for reconsideration must be based on "(1) intervening change in controlling law; (2) availability of new evidence, or; (3) the need to correct clear error or prevent manifest injustice." LRCi 7.4

6. This argument is not applicable to the Henrys, who have been involved in this litigation for several years.

7. The Court also notes that Blakeney's deed to Parcel No. 3 Estate Peter Bay is dated December 16, 1999. (Blakeney Mot. to Substitute and Intervene as Real Party in Interest, Ex. A.) Accordingly, he could have intervened in this litigation months ago—long before the issuance of the Court's August 22, 2001 Opinion. If he had done so, he would have been able to timely file his motion for reconsideration within ten days of the 2001 Opinion.

8. Federal Rule of Civil Procedure 60(b) provides in pertinent part that:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ..., misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

and the Henrys argue that the Court should grant them relief from the 2001 Opinion pursuant to Rule 60(b)(2), which allows the Court to relieve a party from a final judgment or order if there is "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)." Fed.R.Civ.P. 60(b)(2). Alternatively, they argue that the Court should grant them relief pursuant to Rule 60(b)(6), which allows the Court to relieve a party from a final judgment or order for "any other reason justifying relief." Fed.R.Civ.P. 60(b)(6).

Rule 60(b) sets forth time limits within which a movant must file a motion for relief from a judgment or order. The motion must be made "within a reasonable time." Fed.R.Civ.P. 60(b). Additionally, motions filed for the reasons enumerated in 60(b)(1), (2), and (3) will be denied as untimely if made more than one year after the judgment or order was entered. *Id.*

█ Initially, the Court notes that although Blakeney and the Henrys brought this motion pursuant to both 60(b)(2) and 60(b)(6), the Court will only consider this as a motion brought pursuant to Rule 60(b)(2). A party may "fall back" on Rule 60(b)(6) only when the reason for relief is not covered by any of the other provisions of 60(b).[9] *Newland Moran Real Estate v. Green Cay Props., Inc.,* 41 F.Supp.2d 576, 580 (D.Vi. 1999); *see also Hendricks v. Belardo,* 2001 WL 1230609 at *1 (D.Vi. Aug. 30, 2001) (finding that the plaintiff's reliance on 60(b)(6) was misplaced because her arguments more appropriately fell within the purview of 60(b)(1) and (b)(2)). Since the Motion to Reconsider essentially seeks relief on the basis of "newly discovered evidence," the Court will treat the motion as made solely under Rule 60(b)(2).[10]

In its 2001 Opinion, the Court specifically stated it "will not revisit" the portions of its 1999 Opinion which held that: 1) the Parti-

tion Decree created an easement running inland to the vegetation bermline; and 2) the easement was erroneously described in the original survey map as extending a flat fifty feet inland. *Peter Bay,* 163 F.Supp.2d at 548. The only question before the Court in its 2001 Opinion was "whether the Harthman grantors, by reference to the first erroneous map as well as maps based upon it, intended to convey all of their respective interests in the parcels, or to burden the parcels with an expanded shoreline easement." *Id.* The presently pending Motion to Reconsider purports to seek reconsideration of this Court's 2001 Opinion. Yet, a closer examination of the substance of the motion reveals that most of the "newly discovered evidence" presented by Blakeney and the Henrys contests the Court's holding in its 1999 Opinion that the beach easement created by the Partition Decree extends from the 1975 low-water mark to the vegetation bermline. When the parties filed their motion for reconsideration of the 1999 Opinion, they did not ask the Court to reconsider the extent of the easement created by the Partition Decree, and the Court specifically stated that it "will not revisit th[is] portion[ ] of its decision." *Peter Bay,* 163 F.Supp.2d at 548. Thus, the Motion to Reconsider appears to be seeking relief from a judgment that was entered more than two years earlier—well beyond the one year time limit for filing a motion under Rule 60(b)(2).

█ Moreover, the Court finds that the Motion to Reconsider, filed more than two months after the 2001 Opinion was decided, was not brought within a reasonable time under Rule 60(b). The "reasonable time" inquiry, which applies to all 60(b) motions, is fact-specific and allows the court to consider "(1) whether any party opposing the motion has been prejudiced by the movant's delay in seeking relief, and (2) whether the moving party had good reason for failure to take appropriate action sooner." *Christian v. All*

---

Fed.R.Civ.P. 60(b).

**9.** Additionally, even if Rule 60(b)(6) was applicable, Blakeney and the Henrys failed to establish "exceptional circumstances" that would warrant the "extraordinary relief" provided in this provision. *Newland,* 41 F.Supp.2d at 580.

**10.** The Court notes that the motion could also have been brought pursuant to 60(b)(1) for relief based upon mistake, inadvertence, surprise, or excusable neglect, yet would have been considered untimely under that provision as well.

*Persons Claiming any Right, Title, or Interest in all Props. Known and Described*, 962 F.Supp. 676, 680 (D.Vi.1997) (citing 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2866 at 382–83 (2d ed.1995)). These motions are addressed "at the sound discretion of the district court." *Id.* at 679. Furthermore, the Rule must be applied "[s]ubject to the propositions that the finality of judgments is a sound principle that should not be cast aside." *Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987) (citing *Kock v. Gov't of the Virgin Islands*, 811 F.2d 240, 246 (3d Cir.1987)) (internal quotations omitted).

■ This litigation has endlessly trudged on in the court system for over four years, and there is a dire need for finality. The issue of the extent of the beach easement has been briefed and re-briefed by the numerous parties involved in the lawsuit. The Court reviewed this issue at length in its 1999 Opinion and re-reviewed the issue again in its 2001 Opinion. The Henrys and Blakeney, as represented by Andrews St. John Trust, have been parties to this litigation for years, and there is no good reason for their failure to present this evidence sooner. They blatantly admit in their Motion to Reconsider that they are not aware of any reason why the evidence was not previously presented to the Court. (Mot. to Reconsider at 4.) ("As new participants to this ongoing litigation, the Henrys and Mr. Blakeney are rather baffled as to why the attached affidavits were not filed with the court sooner."). Furthermore, the "new" evidence presented in their motion consists of documents in the court file of the original *Harthman* case that were accessible throughout the entire litigation and affidavits of individuals that were always available as witnesses.[11] (Mot. to Reconsider at 4.) In *Moolenaar v. Gov't of the Virgin Islands*, 822 F.2d 1342 (3d Cir.1987), the Court held that plaintiffs' Rule 60(b) motion was not "made within a reasonable time" because although the motion was brought only six weeks after the district court's judgment on remand, it was made almost two years after the district court's initial judgment and the reason for the attack upon the later judgment was available for attack upon the original judgment. *Id.* at 1348; *see also Christian*, 962 F.Supp. at 680 (holding that a Rule 60(b) motion was not made within a reasonable time even though it was made within one year of the judgment because it was brought on grounds which the parties were aware of throughout the entire litigation process). Similarly, Blakeney and the Henrys did not bring their motion until more than two years after the Court's original 1999 Opinion, and the "new evidence" presented to the Court was available at the time of the Court's original judgment. In light of the above factors, the Court holds that the Motion to Reconsider, brought more than two months after the Court's 2001 Opinion, was not brought within a reasonable time. Therefore, the Court will deny Blakeney and the Henrys' Motion for Additional Time to File Motion for Reconsideration, or in the Alternative, to Have the Court Deem the October 26, 2001 Motion for Reconsideration as a Motion for Relief Under F.R.C.P. 60(b) as well as the Motion to Reconsider.

## C. Motion for Stay of Judgment Pending Appeal

■ Plaintiff Peter Bay Owners Association ("Peter Bay") brought a motion pursuant to Rule 62(h), which requested a stay of enforcement of the Court's 2001 Opinion. Rule 62(h) provides that "[w]hen a court has ordered a final judgment under the conditions stated in Rule 54(b), the court may stay enforcement of that judgment until the entering of a subsequent judgment or judgments and may prescribe such conditions as are necessary to secure the benefit thereof to the party in whose favor the judgment is entered." Fed.R.Civ.P. 62(h). Rule 62(h) permits a party to obtain a stay of the enforcement of a judgment only when the judg-

---

11. Although the Court is merely addressing the timeliness of the Motion to Reconsider, it is worth noting that, for the reasons discussed above, there is a strong likelihood the motion would be denied on its merits because Rule 60(b)(2) allows the Court to grant relief from a judgment only when the new evidence could not previously have been discovered with due diligence.

ment is certified pursuant to Federal Rule 54(b).[12] Rule 54(b) provides that, in a case involving multiple parties or claims, "the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Fed.R.Civ.P. 54(b). Certification under this Rule serves to convert a partial judgment into a final judgment that is appealable and enforceable.

Peter Bay has not sought an order for certification under Rule 54(b). Moreover, Rule 54(b) certification would be inappropriate in this instance because the Court never issued a partial judgment. The 2001 Opinion constituted a final judgment as to all the parties and all the claims involved in this case. As Rule 54(b) certification, a prerequisite to a stay of judgment under Rule 62(d), was never requested and is in fact improper in this case, Peter Bay's Motion for Stay of Judgment Pending Appeal must be denied.

### III. *CONCLUSION*

For the reasons stated herein, Peter Bay's Motion for Stay of Judgment Pending Appeal is DENIED, and Blakeney and the Henrys' Motions for Additional Time to File Motion for Reconsideration, or in the Alternative, to have the Court deem the October 26, 2001 Motion for Reconsideration as a Motion for Relief Under F.R.C.P. 60(b) and for Reconsideration of the Court's August 22, 2001 Order, or in the Alternative, for an Evidentiary Hearing are DENIED.

---

**12.** In order to grant certification under Rule 54(b), a court must engage in a two-step analysis to determine whether it is dealing with a "final judgment" and whether there is "any just reason for delay." *See e.g., GE Capital Mortg. Services,* *Inc. v. Pinnacle Mortg. Inv. Corp.,* 897 F.Supp. 854, 873–76 (E.D.Pa.1995); *Genty v. Township of Gloucester,* 736 F.Supp. 1322, 1327–29 (D.N.J. 1990).