**ERIC CHRISTIAN, SR., as Administrator of THE ESTATES OF JAMES GEORGE SEWER, et. al., Plaintiff**

**v.**

**ALL PERSONS CLAIMING ANY RIGHT, TITLE, OR INTEREST IN ALL PROPERTIES KNOWN AND DESCRIBED AS:**

**ALL PROPERTIES KNOWN AS NEWFOUND BAY INCLUDING BUT NOT LIMITED TO 9A, 9D, AND 9G NEWFOUND BAY, NEWFOUND BAY NO. 1, NEWFOUND BAY NO. 2 EXCEPTING ONLY 9C NEWFOUND BAY EAST END QUARTER, ST. JOHN, V.I.**

**BLACK ROCK, NO 6R ESTATE HANSEN BAY, EAST END QUARTER, ST. JOHN, V.I.**

**JOHN GEORGE, PARCEL OF ROBERT AVISION, NO. 6Q ESTATE HANSEN BAY, EAST END QUARTER, ST. JOHN, V.I.**

**CHRISTIAN HUGHES, LONGBAY NO. 2, EAST END QUARTER, ST. JOHN, V.I.**

**7A HANSEN BAY, EAST END QUARTER, ST. JOHN, V.I., Defendants**

Probate No. 398/1980

District Court of the Virgin Islands

Div. of St. Thomas and St. John

April 11, 1997

KARL PERCELL, ESQ., St. Thomas, U.S.V.I., *Attorney for Plaintiff*

LOLITA DEPAIEWONSKY, ESQ., Christiansted, St. Croix, U.S.V.I., *Attorney for Estelle Sewer, Rudolph Sewer, Emelda Sewer, Eric Sewer, Ethlyn Sewer, and Moline Sewer*

SHARON EICHENAUER, ESQ., Cruz Bay, St. John, U.S.V.I., *Attorney for Irvin Sewer*

DESMOND MAYNARD, ESQ., St. Thomas, U.S.V.I., *Attorney for the Heirs of Amos Sullivan*

NANCY D'ANNA, ESQ., Cruz Bay, St. John, U.S.V.I., *Attorney for Wilmar Corporation and the Law Office of Nancy D'Anna*

MARIA TANKENSON HODGE, ESQ., (Hodge & Francois P.C.), St. Thomas, U.S.V.I., *Attorney for Wilmar Corporation and Hodge & Francois*

JEWEL COOPER, ESQ., (Tom Bolt & Associates), St. Thomas, U.S.V.I., *Attorneys for Newfound Management Corporation, General Partner of Newfound Limited Partnership*

ALAN GARBER, ESQ., and CLAIR A. CARLSON, ESQ., (Martin & Martin), Boston, MA, *Attorneys for Defendant Newfound Management Corporation, General Partner of Newfound Limited Partnership*

MARIO A. BRYAN, ESQ., St. Thomas, U.S.V.I., *Attorney for Estate of Bernard Williams*

BROTMAN, *Judge*

## OPINION ON MOTION TO REVOKE CONSENT JUDGMENT AND SET ASIDE SALE OF PROPERTY

On June 2, 1994, this court ordered, adjudged, and decreed the entry of a Consent Judgment in this action to which all parties, who include.all claimants to the above-captioned parcels of land except defendant Newfound Corporation, stipulated on the record. Presently before the court is defendant Irvin Sewer's Motion to Revoke Consent Judgment and Set Aside Sale of Property.[1]

## I. Background

The factual background to this action is complex and, to a large extent, not relevant in deciding the motion before the court. To provide a degree of context, the court will summarize the matter's most salient features. On December 1, 1993, the above-captioned case was set for trial to determine the property rights of all claimants who had asserted an interest in certain parcels of land on the east end of St. John, u.S Virgin Islands. Instead of proceeding to trial, however, the parties agreed to settle the matter and stipulated to a judgment by consent.[2] The court endorsed the consent decree on June 2, 1994 and entered an appropriate order which, *inter alia*,

---

[1] The terms of the Consent Judgment subjected the divided properties to several liens in favor of the respective attorneys for unpaid legal services in conjunction with this action. Pursuant to such a term and a separate Order Fixing Lien for Legal Fees entered on October 14, 1994, a marshal's sale was conducted on May 3, 1996 At this sale, attorney Nancy D'Anna successfully bid for four acres of Parcel 9D Newfound Bay on behalf of herself and attorney Maria Tankenson Hodge. It is this sale of property that Irvin Sewer presently seeks to set aside. The same sale is also the subject of a separately pending motion filed by attorneys Hodge and D'Anna, who ask the court to confirm and approve the marshal's sale so they may obtain title to and possession of the property.

[2] By separate order, counterclaims between Irvin Sewer, Cedric Lewis, and Newfound Corporation were severed for separate trial because those parties did not settle their

maintained this court's jurisdiction to enforce the terms of the consent judgment.[3]

On June 1, 1995, Irvin Sewer, pro se, filed a unilateral "Notice of Revocation of Execution," which purported to revoke and cancel his signature on the consent judgment, and requested the court to render the same consent judgment null and void. On August 3, 1995, Sewer filed a "Supplement to Notice of Revocation of Execution," providing the court with additional information regarding his request to revoke his consent to the settlement. Presently represented by new counsel, Sewer now reiterates his motion to revoke the consent judgment and contends that various rules of law counsel the court to grant his motion.

In addition, Sewer requests that this court set aside a property sale conducted to satisfy the court-approved lien for legal fees of his attorneys, Maria Tankenson Hodge and Nancy D'Anna.[4] Sewer alleges that the sale was conducted prematurely and that he was never given an opportunity to reimburse his attorneys before the foreclosure of the property occurred. Further, Sewer contends that the sale was improper and irregular in light of the absence of a proper survey or appraisal of the property. Finally, he contests the amount of the lien, despite that this court already considered all objections before entering its Order Fixing Lien for Legal Fees on October 14, 1994.

## II. Discussion

### A. Legal Principles Governing Consent Judgments and Relief Therefrom

An agreement among parties to settle a matter instead of pursuing further litigation is binding on all parties who consent to the agreement. *Isidor Paiewonsky Assoc's v. Sharp Properties. Inc.,* 26

---

claims as part of the consent decree. Those claims were consolidated for trial in *Newfound Management Corporation. etc. v. Irvin A. Sewer, et al.,* Civil No. 91/315.

[3] Pursuant to the terms of the consent decree, land surveys were to be conducted after entry of the consent decree to determine the boundaries of the respective parcels of land.

[4] Hodge and D'Anna represented Sewer during the course of the litigation. On March 20, 1996, this court entered an order granting Maria Tankenson Hodge's Motion to Withdraw as Sewer's counsel. Further, the court considers Sewer's failure to pay attorneys' fees as a constructive termination of the attorney-client relationship between Sewer and D'Anna.

V.I. 228, 231 (D.V.I. 1991). This is true even if the agreement to settle is not memorialized in a writing and not consummated in the presence of a court. *Green v. John H. Lewis & Co.*, 436 F.2d 389, 390 (3d Cir. 1970). This is so because, as a general rule, courts favor compromise and settlement over the burden and expense of litigation. *James v. Fitzpatrick*, 25 V.I. 124, 126 (D.V.I. 1990) (citing *Slaughter v. Pennsylvania X-Ray Corp.*, 638 F.2d 639, 643 (3d Cir. 1981))

■ ■ A consent decree—a particular form of settlement—carries the same presumption of finality. *Newark Branch, NAACP v. Township of West Orange*, 786 F. Supp. 408, 422 (D.N.J. 1992) (citations omitted). Moreover, consent decrees are judgments; thus, they are judicial acts, but also documents with attributes of a contract. *Fox v. United States Dep't of Hous. & Urban Dev.*, 680 F.2d 315, 319 (3d Cir. 1982). In that sense, the parties to a consent decree are presumed to have made a conscious, informed decision to settle their claims. In other, oft-quoted words, the signatories to a consent decree make "a free, calculated and deliberate choice to submit to an agreed upon decree rather than seek a more favorable litigated judgment." *Id.* at 322 (citation omitted); *Delaware Valley Citizens Council for Clean Air v. Pennsylvania*, 755 F.2d 3:, 45 (3d Cir. 1985) (citation omitted).

■ In keeping with theme principles, the law sets forth a strict standard for reopening consent decrees. Because of the strong interest in preserving the finality of judgments, a court will grant relief from a consent decree only upon a showing of exceptional circumstances. *Fox*, 680 F.2d at 322. Moreover, a hindsight assessment and reevaluation of the terms of the bargain cannot disturb a consent decree and cannot serve as the basis to render it null and void. *Mayberry v. Maroney*, 558 F.2d 1159, 1164 (3d Cir. 1977).

The Federal Rules of Civil Procedure permit a party or a party's legal representative to seek relief from a final judgment, order, or proceeding. *See* Fed. R. Civ. P. 60(b). Rule 60(b) applies to consent judgments, *see* 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2852, at 235 (2d ed.

1995), but it applies only in specific circumstances.[5] *Delaware Valley*, 755 F.2d at 45 (invoke 60(b) only where exceptional circumstances exist). Moreover, motions pursuant to Rule 60 (b) are addressed at the sound discretion of the district court. *Wagner v. Pennsylvania R.R.*, 282 F.2d 392, 397 (3d Cir. 1960); *Newark Branch*, 786 F. Supp. at 422. In deciding such a motion, a court considers many factors, including the movant's reasons, the amount of time between the entry of the judgment and the motion, and the potential prejudice suffered by other parties as a result of disturbing the judgment. *See Bell Tel. Lab. Inc. v. Hughes Aircraft Co.*, 73 F.R.D. 16, 22 (D. Del. 1976); *see also* 11 Wright, Miller & Kane, *supra*, § 2857, at 260, 262 (party must show good reason for failure to take appropriate action Sooner; must have good claim or defense; courts deny relief that creates hardship for others, if "many actions have been taken on the strength of the judgment")

In addition, Rule 60(b) sets forth time limits within which a movant must file a motion for relief from judgment. Generally, motions must be made within a reasonable time. Fed. R. Civ. P. 60(b). Motions filed for specific reasons—enumerated in Rule 60(b)(1), (2), and (3), *see supra* note 5—will be denied if made more than one year after the date the judgment, order, or proceeding was entered. The "reasonable time" inquiry—applicable to all 60(b) motions—is fact-specific, and allows the court to consider (1) whether any party opposing the motion has been prejudiced by the movant's delay in seeking relief, and (2) whether the moving party had good reason for failure to take appropriate action sooner. 11 Wright, Miller & Kane, *supra*, § 2866, at 382-83.

---

[5] Fed. R. Civ. P. 60(b) provides, in pertinent part,

[T]he court may relieve a party or a party's legal representative from a final judgment order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

## B. *Irvin Sewer's Motion to Revoke the Consent Judgment*

On June 1, 1995, Irvin Sewer filed a unilateral "Notice of Revocation of Execution," purporting to revoke and cancel his signature on the consent judgment entered by the court as a final judgment and order on June 2, 1994. As a basis for this notice, Sewer alleged that various acts of misrepresentation by his attorney, Maria Tankenson Hodge, rendered invalid his agreement to settle and sign the consent decree. In his recent, renewed motion to revoke the consent judgment, Sewer avers essentially that the consent decree is faulty in that it derives from a material mistake relating to his understanding of the terms of the settlement. Sewer realleges attorney misconduct on the part of his former attorney, and argues also that the consent judgment should be revoked because its terms add conditions have not been fulfilled.

■ Because the motion to revoke the consent judgment alleges mistake as the grounds for relief, the one-year limitation set forth in Rule 60(b) applies. Since Sewer did, in fact, file his initial "Notice of Revocation of Execution" within one year of the final judgment, the motion does not fail on this ground. In keeping with the rule, however, the court must also consider whether the motion was made within a reasonable time. To that end, the court notes that the contested terms of the consent decree (which Sewer now disputes) were disputed factors known to all parties, including Sewer, even before settlement was achieved. Once the parties stipulated to and agreed on the terms, as reflected by their signatures to the decree, and after the court adopted and approved the settlement as a binding final judgment, all parties were entitled to rely on both the finality of the judgment and the terms of the underlying decree. Indeed, Wilmar Corporation and its attorneys, if not the court and other parties to the consent decree, did rely on the finality of the judgment in actions taken subsequent to its entry.[6] Thus, a motion to invalidate a final judgment after almost one year, on grounds of which the parties were aware throughout the litigation process, would seem at least unreasonably untimely if not unreasonable per

---

[6] Attorneys Hodge and D'Anna, for instance, relied on the terms of the decree authorizing the parties' attorneys to take certain actions with regard to obtaining compensation for their services.

se in light of the finality and reliance interests implicated by the court-approved consent decree.

▮ In essence, Sewer now asks the court to rescind and invalidate the final judgment of the consent decree because "the myriad of . . . mistakes regarding the property could be remedied with a cogent presentation of evidence." (Mot. to Revoke at 5.) The law, however, does not countenance such hindsight reevaluation of the parties' positions once settlement has been consummated. In affixing his signature to the consent decree, Sewer chose to settle his claims instead-of pursuing and defending them in a courtroom. *Cf. Fox*, 680 F.2d at 322; *Delaware Valley*, 755 F.2d at 45. This court cannot now afford him the opportunity to explore the option he voluntarily chose to forego long before he made the present motion.

Sewer contests also the consent decree's provisions regarding attorneys' fees, and alleges that Attorneys Hodge and D'Anna drafted improperly these provisions to their benefit.[7] As a result, Sewer contends, the court should void the terms that are favorable to the attorneys and that were drafted by the attorneys. This argument, however, misses the mark. Sewer signed the stipulation for entry of consent judgment, which confirmed his agreement to *all* terms of the decree, including those relating to attorneys' fees. Moreover, the court reviewed the contested fees when it considered the attorneys' certificates on October 14, 1994 and determined them to be reasonable despite objections raised by Sewer. Thus, Sewer's dissatisfaction regarding the attorneys' fees cannot now serve as a valid basis to revoke the consent judgment.

▮ Finally, the argument that a failure to perform the agreement justifies revocation of the agreement and the corresponding judgment is without support in the law. Even assuming a mistake, inadvertence, or neglect in drafting the terms of the agreement, the validity of the consent judgment remains unaffected. *See Sawka v. Healtheast. Inc.*, 989 F.2d 138, 140 (3d Cir. 1993) (suggesting that

---

[7]Sewer likens the attorney-client relationship to an employer-employee contractual relationship in which the terms of a contract are construed strictly against the drafter. Sewer's argument appears to presuppose (incorrectly) that the attorney is the employer. In fact, however, the client employs the attorney, so that the analogy is inapposite.

breach of settlement agreement may support action to enforce agreement but not motion to set aside judgment). In other words, the consent decree presumed that the parties would undertake certain actions in the future[8] to implement the agreement to which all parties committed prior to performance and which the court approved and ordered as final prior to performance. To suggest that the parties intended that there would be no formal agreement until all of the document's terms and conditions would be fulfilled renders meaningless the parties' representations and the court's imprimatur on those representations. The detailed terms of the consent judgment, the parties' express agreement thereto, and the parties' responses to questions from the court in its final colloquy prior to entering the consent judgment as a final order all together evidence an intent to agree to terms of a decree which the parties would implement at a future date.

## C. Motion to Set Aside Sale of Property

To support his motion to set aside the marshal's sale of certain property on May 3, 1996, Sewer repeats his allegation that there exists a legitimate dispute regarding the attorneys' fees satisfied by the proceeds of the sale in question. As stated previously, any dispute regarding the amount of attorney's fees was resolved by this court in October 1994, at which time the court considered objections to Attorneys Hodge and D'Anna's fee request and entered an Order Fixing Lien for Legal Fees. Further, when Sewer reopened the dispute by renewing his objections in a motion for reconsideration, the court again rejected his position, ending the dispute. Thus, the presently alleged "legitimate dispute" cannot support a motion to set aside the marshal's sale.

Sewer also suggests that the marshal's sale was invalid and irregular because the property in question had not been surveyed or appraised, nor had easements or reciprocal waivers been identified. Sewer provides no legal support for these contentions,

---

[8]Such actions included, for instance, the surveying of the separate parcels of land, the responsibility for which the agreement placed on the individual parties.

The court notes also that the consent decree did not contemplate that the parties' individual responsibilities under the agreement would require concerted or coordinated efforts among the various parties.

nor does the evidence support the claim that misconduct on the part of Attorney D'Anna tainted the bidding and ultimate sale of the property. Rather, the evidence shows that (1) a Notice of Sale was published in a publication of general circulation for four weeks prior to the contested sale; (2) several bidders participated in the sale; (3) Attorney D'Anna bid successfully on the property on behalf of herself and Attorney Maria Tankenson Hodge; and (4) the United States Marshall closed the bidding. More important, the Return of Judicial Sale attests that the United States Marshal for the District of the Virgin Islands acted in accordance with the court's orders and Virgin Islands law in conducting the sale of the disputed property. Thus, the court finds that it cannot deem the sale invalid or irregular and will not set aside the marshal's sale on that basis.

## III. Conclusion

For the foregoing reasons, the court will not invalidate the consent decree entered as a final judgment in this matter on June 2, 1994, nor will it permit Irvin Sewer to revoke his consent to the same. In addition, the court will deny the motion to set aside the marshal's sale of the parcel of property subject to a court-ordered lien for legal fees in this matter.

The court will enter an appropriate order.

DATED this 11th day of April, 1997.

### ORDER

THIS MATTER having come before the court on Defendant Irvin Sewer's Motion to Revoke Consent Judgment and Set Aside Sale of Property;

The court having heard oral argument and having reviewed the record and the submissions of the parties;

For the reasons set forth in the court's opinion of this date;

IT IS this 11th day of April, 1997 HEREBY

ORDERED that Defendant's Motion to Revoke Consent Judgment and Set Aside Sale of Property is DENIED.

No costs.