

**FILED**

April 20, 2026 03:25 PM
SX-2018-PB-00007
**TAMARA CHARLES**
**CLERK OF THE COURT**

**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| IN THE MATTER OF THE ESTATE OF NYDIA HESS aka NIDIA AMELIA BARBOSA MARTINEZ aka NYDIA AMELIA STOWELL <br><br> Deceased. | CASE NO. SX-2018-PB-00007 |

Cite as 2026 VI Super 15U

## MEMORANDUM OPINION AND ORDER

Pending before the Court is First Bank Puerto Rico's ("First Bank") Motion to Reopen Case and Resume Probate Proceedings filed September 16, 2025, and its Renewed Motion to Reopen Case and Resume Probate Proceedings dated February 25, 2026 (the "First Bank Motions"). For the reasons set forth herein the First Bank's Motions are denied and this matter is closed.

## FACTS AND PROCEDURAL HISTORY

This matter was opened in 2018 pursuant to the Petition of Yvette M. Hess. Letters Testamentary were issued to her on or about February 21, 2018. The Estate's First Quarterly Account was filed on August 15, 2018. First Bank, through its attorney, filed a Creditor's Claim almost two years later, on June 8, 2020. Around the time of the filing of First Bank's Creditor's claim and following numerous failures of the Executrix to comply with previous orders, the Court ordered that the Estate file a motion to substitute the Executrix, and to comply with previous orders. The Estate failed to do so, and the matter was dismissed without prejudice for lack of prosecution on October 14, 2020. As noted above, First Bank appeared in the proceedings prior to dismissal and was represented by counsel yet waited almost five years to move to reopen the case and resume probate proceedings. In its supplemental memorandum, First Bank cited 15 V.I.C. §236(a)(2) as the basis for its Motion; and in support, it cited *Matter of Est. of Gibbs*, 2025 WL 2642014 for the proposition that "[t]he Supreme Court has held that when a dismissal is without prejudice, the parties may reopen a closed case on motion once the defect that led to the dismissal is cured." While the Supreme Court in explaining why dismissal without prejudice is not a final order for purposes of appeal, indeed noted that a <u>plaintiff</u> may attempt to cure a defect and thus avoid the need for appeal by moving to amend the complaint <u>or filing a new complaint as part of a new case</u>, *Gibbs* does not hold that a non-party may reopen a case, or even that a plaintiff can file an amended complaint at any time no matter how long they wait. The Court does not find this case dispositive or particularly helpful to answer whether First Bank's 5-year delay in seeking to reopen is reasonable.

## LEGAL STANDARD

"The decision to re-open a case is traditionally within the discretion of a court. The court must consider the timeliness of the motion, the character of the testimony, and the effect of the granting of the motion." *People of the Virgin Islands v. Clark*, 54 V.I. 154, 158 (V.I. Super. Ct. 2010) (citing *U.S. v. Ali*, 2007 U.S. App. LEXIS 25024, *8 (3d Cir. 2007); *United States v. Kithcart*, 218 F.3d 213, 219-20 (3d Cir. 2000)). In *Log Enters. V. Snell*, 2018 V.I.

Super 25U, 2019 V.I. LEXIS 161 (February 25, 2019) the plaintiff similarly filed a motion to re-open a case years after it was closed while offering no reason in its motion why the Court should do so. *Id* \*p5. There the Court considered the applicability of Rule 60(b). This Court will follow suit.

## ANALYSIS

"The 'reasonable time' inquiry, which applies to all 60(b) motions, is fact-specific and allows the court to consider '(1) whether any party opposing the motion has been prejudiced by the movant's delay in seeking relief, and (2) whether the moving party had good reason for failure to take appropriate action sooner.'" *Log Enters.* 3-4 citing *Peter Bay Owners Ass'n v. Stillman*, 205 F.R.D. 454, 458-459 (D.V.I. 2002) (quoting *Christian v. All Persons Claiming Any Right, Title, or Interest in all Props. Known and Described*, 36 V.I. 285, 962 F. Supp. 676, 680 (D.V.I. 1997) (citing 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2866 at 382-83 (2d ed. 1995)). Here the first prong is inapplicable because these are not adversary proceedings, so the Court's focus will be on the second prong, and upon the effect of granting the motion.

### A. *Reasonableness --Whether Movant has Good Cause for the Delay*

THIS MATTER HAS BEEN CLOSED FOR 5 YEARS since entry of this Court's Order of Dismissal on October 14, 2020. 4 years, 10 months, 27 days elapsed before First Bank's first motion was filed. V.I. R. Civ. P. 60(b) provides six reasons to relieve a party from a final judgment, order or proceeding. The first reason being "excusable neglect" is not applicable because (i) First Bank appeared in the proceeding prior to dismissal and provides no justification for why it did nothing for five years after the matter was dismissed; and (ii) even if there was excusable neglect, First Bank waited more than a year to seek relief. Reasons two through five inapplicable on their face, leaving "any other reason that justifies relief" pursuant to Rule 60(b)(6) as the only *potentially viable vehicle* under Rule 60(b).

In *Log Enters.* the Court held that a 7-year delay to seek to reopen the matter was unreasonable and declined to do so noting that other courts had declined to reopen matters for as little as a 7-month delay citing *Virgin Islands Bldg. Specialties, Inc. v. Buccanneer Mall Assocs. 197 F.R.D. 256, 259* (D.V.I. App. Div. 2000). The Court noted Rule 60(b)(6) is not used to circumvent the time restrictions in Rule 60(b)(1)-(3), because "Rule 60(b)(6) does not confer a standardless residual discretionary power and is available only in cases evidencing extraordinary circumstances." *Id* at p. 7 citing *Brin v. Dessout*, V. I. LEXIS 52 at 15. Accordingly, relief under this section is generally limited to circumstances where the movant can show actual injury beyond their control which prevented timely action to protect that party's interests. *Griffith v. Carpenter*, 2012 V.I. LEXIS 84 at \*5 (V.I. Super. Ct. June 7, 2012 (unpublished). First Bank does neither, nor, as discussed below, it has failed to meet its burden to show that its five-year delay was for reasons beyond its control which prevented timely action to protect its interests.

### 1. First Bank has Not Demonstrated Any Injury Beyond Its Control Preventing an Earlier Motion

In its Motion First Bank gives no justification for reopening the proceedings other than stating its desire to cure defects that led to the dismissal in the first place (which the Court notes

were in large part the Administrator's failure to accept or reject creditors claims including that of First Bank) and to continue probating the Estate's assets and liabilities[1]. Instead of informing the Court why it failed to seek to reopen the proceedings contemporaneous with the dismissal and references factors outside of its control prevented it from doing so, First Bank merely argues that there will be no prejudice (and possibly there could be a benefit) to the heirs by reopening the estate. It further argues that there has been no prejudice by the delay. First Bank finally makes the conclusory argument—without any explanation or justification—that it would be prejudiced if the Estate is not reopened. As discussed below, it will not.

### b. *Effect of Granting the Motion*

**1. Reopening the Estate will unnecessarily allow the movant to sidestep personal service on the heirs and take advantage of the probate court's summary proceedings in lieu of foreclosure.**

The Virgin Islands Rules of Probate, and Title 15 of the Virgin Islands Code provide summary procedures for creditors claims to be adjudicated in order to streamline the probate process, swiftly wind up a decedent's affairs, and avoid the potential for dawn out litigation in multiple forums which could otherwise delay final adjudication of an estate. The process is simple in that Creditors merely file a claim which must be accepted or rejected by the Administrator; and in the event a claim or claims are rejected, a hearing is held with respect to the validity of the claim. As part of that process the creditor is not required to serve its claim or any summons or complaint upon the heirs as it would be required to do in civil litigation; and at the conclusion of the proceedings (which are held on an accelerated timeline) the Court will reach a decision that is treated as a final judgment for purposes of appeal. The Court understands that truncated process may be preferable to Frist Bank. However, opening (or in this case reopening) probate for the sole purpose of foreclosure is contrary to the purpose of the Magistrate Division's probate jurisdiction especially in light of the availability of another forum for redress of First Bank's grievances.

**2. Reopening the Estate to allow First Bank to foreclose on estate property will unnecessarily place a civil foreclosure matter on the Court's probate docket when it could otherwise be brought on the civil docket as any other foreclosure would typically be brought.**

The bank has other more appropriate tools at its disposal outside of probate. Indeed, the bank can file a civil action for foreclosure against the unprobated estate of Nydia Hess and John Does, and therefore may achieve its desired result in the general jurisdiction court. *See*

---

[1] In its supplemental memorandum, First Bank cited 15 V.I.C. §236(a)(2) as the basis for its Motion; and in support, it cited *Matter of Est. of Gibbs*, 2025 WL 2642014 for the proposition that "[t]he Supreme Court has held that when a dismissal is without prejudice, the parties may reopen a closed case on motion once the defect that led to the dismissal is cured." While the Supreme Court in explaining why dismissal without prejudice is not a final order for purposes of appeal, indeed noted that a plaintiff may attempt to cure a defect and thus avoid the need for appeal by moving to amend the complaint or filing a new complaint as part of a new case, *Gibbs* does not hold that a non-party may reopen a case, or even that a plaintiff can file an amended complaint at any time no matter how long they wait. The Court does not find this case dispositive or particularly helpful to answer whether First Bank's 5-year delay in seeking to reopen is reasonable.

*First Bank v. Moses*[2] 2006 V.I. LEXIS 55 (Granting Motion to Amend Complaint to Substitute Unprobated Estate as Defendant.). While public policy favors a gathering of all creditor's claims in one place for swift and consistent adjudication when wrapping up a decedent's affairs, that public policy is not served when there are no active probate proceedings, competing creditors claims, or estate assets that require distribution.

First Bank seeks to restart probate mid-stream where notice to creditors was provided and published almost a decade past, and to pursue its foreclosure matter in summary fashion as a claim against the estate. In doing so, First Bank seeks to dispose of what appears to be the only asset of the estate. If pursuit of a creditor's claim to foreclose with jurisdiction resting on stale notices[3] and consents does not technically violate the heirs' right to due process, it certainly stretches it to the breaking point. Moreover, the reopening of probate for First Bank's intended purpose would invert the purpose of the creditor's claim process—placing procedure that is typically ancillary to the disposition of the estate in the driver's seat and sole purpose of its administration.

## CONCLUSION

First Bank not shown that it faced any impediment to bringing its motion immediately after the Court dismissed the matter for failure to prosecute. Accordingly, it has not demonstrated the reasonableness of its Motion, especially in light of 15 V.I.C. §236b(2) which provides that if a principal creditor does not apply for administration of the estate within 40 days from decease, **they shall be deemed to have renounced their right to the administration**. Moreover, the consequences of reopening an estate to allow a bank to foreclose would be to add to an overcrowded docket in a court of limited jurisdiction (which has no jurisdiction over foreclosure matters) when the movant's claim can be brought in the general jurisdiction court where it typically forecloses on mortgages that are in default. Further consequences would be to allow First bank to foreclose on estate property without service, or with stale service upon the heirs and other creditors. First Bank has not demonstrated the reasonableness of its delay and given the due process concerns in favor of the heirs, and the Court's concerns with respect to the management of its probate docket, the Court will not exercise its discretion to reopen this long-closed matter. First Bank is not left without recourse. It may bring a civil action to foreclose in Superior Court following the Court's guidance in *First Bank v. Moses*. Accordingly, it is hereby

**ORDERED** that First Bank's Motion to Reopen Case and Resume Probate Proceedings and its Renewed Motion to Reopen Case and Resume Probate Proceedings are **DENIED**; and it is further

**ORDERED** that First Bank's Motion to Appoint Kurt Petri, Esq. as Administrator of the Estate is **DENIED AS MOOT**; and it is further

---

[2] Indeed, in that matter First Bank argued that a probate proceeding is not a prerequisite to foreclosure actions, and that having no administrator appointed is of no consequence.

[3] In its Supplemental Memorandum First Bank argues that reopening the estate will avoid duplicate proceeding noting in FN1 that notice to creditors has already been published. The court does not rule on whether said notices would continue to be effective.

**ORDERED** that a copy of this Memorandum Opinion and Order be directed to Attorney Claire E. Anaclerio; and it is further

**ORDERED** that the Clerk shall mark this matter **CLOSED**.

DATED: April 20th, 2026

_____
**HON. CHRISTOPHER M. TIMMONS, SR.**
Superior Court Magistrate Judge

**ATTEST:**
**TAMARA CHARLES**
**Clerk of the Court**

By: _____
    **Probate Officer II**
**Date:** APR 2 0 2026