

**FILED**
May 27, 2026 03:34 PM
SX-2016-PB-00063
**TAMARA CHARLES**
**CLERK OF THE COURT**

**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| IN THE MATTER OF THE ESTATE OF MONICA WILLIAMS-GRAHAM a/k/a MONICA GRAHAM <br><br> Deceased. | CASE NO. SX-2016-PB-00063 |

Cite as: 2026 V.I Super 23U

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Ascendency USVI, LLC's (hereinafter "Ascendency") Motion to Reopen Probate and Appoint Administrator filed October 22, 2025. For the reasons set forth herein Ascendency's motion is denied.

## FACTS AND PROCEDURAL HISTORY

Probate in this matter was opened on December 9, 2016. Probate progressed at a slow pace, without a single quarterly accounting ever filed. On December 19, 2018, --two years after opening of probate—a Motion for Stay was filed in which a stay was sought to allow the mortgage in question to be assigned to Ascendancy USVI, LLC, and for Ascendancy to appear and substitute as petitioner. That motion was granted on January 3, 2019, and Ascendancy was given 30 days to submit the necessary pleadings to be substituted in this matter. It did not do so, and the matter was closed. More than six years passed before Ascendency filed its Motion to Reopen. In response to Ascendency's Motion to Reopen Probate, the Court ordered Ascendency to supplement its motion with a memorandum addressing the basis for its motion and at a minimum discussing prejudice to any other party and good cause for its delay. Ascendency filed its response on May 6, 2026, indicating that the only party to be prejudiced by its delay was Ascendency, and as for cause indicated that it had prioritized other matters. Ascendency's Motion was heard on May 22, 2026. At the hearing on Ascendency's Motion Jilleanne Randall, an heir, appeared and testified that she had undertaken significant work with respect to real property of the Estate and had been unaware of a pending mortgage or underlying debt associated with that property.

## LEGAL STANDARD

The decision to re-open a case is traditionally within the discretion of a court. In the exercise of its discretion the Court considers the timeliness of the motion, the character of the testimony, and the effect of the granting of the motion. *People of the Virgin Islands v. Clark*, 54 V.I. 154, 158 (V.I. Super. Ct. 2010) (citing *U.S. v. Ali*, 2007 U.S. App. LEXIS 25024, *8 (3d Cir. 2007); *United States v. Kithcart*, 218 F.3d 213, 219-20 (3d Cir. 2000)). In *Log Enters. V. Snell*, 2018 V.I. Super 25U, 2019 V.I. LEXIS 161 (February 25, 2019) the plaintiff filed a motion to re-open a case years after it was closed while offering no reason in its motion why the Court should do so. *Id* *p5. There the Court analyzed the motion pursuant to Rule 60(b). This same approach has been applied in probate matters. See. ex. *In re Estate of Watson*, 2015 V.I. LEXIS 151; *In the Matter of the Estate of Hess*, 2026 V.I. Super 15U. V.I. R. Civ. P. 60(b) provides six reasons to relieve a party from a final judgment, order or proceeding. The first reason being "excusable neglect" is not applicable because Ascendency's predecessor in interest appeared in the proceeding prior to dismissal, and sought and was granted a stay to

allow Ascendency to appear yet provides no justification for why it did nothing for six years after the matter was dismissed—other than its prioritization of other matters in its portfolio; and (ii) even if there was excusable neglect, Ascendency waited more than six years to seek relief. Reasons two through five inapplicable on their face, leaving "any other reason that justifies relief" pursuant to Rule 60(b)(6) as the only *potentially viable vehicle* under Rule 60(b). Importantly, Rule 60(b)(6) does not confer on the courts a 'standardless residual discretionary power to set aside judgments. *Moolenaar v. Gov't of the V.I.*, 822 F.2d 1342, 1346 (3d Cir. 1987).

## ANALYSIS

The "reasonable time" inquiry applicable to all 60(b) motions is fact-specific, and requires the court to consider (1) whether any party opposing the motion has been prejudiced by the movant's delay in seeking relief, and (2) whether the moving party had good reason for failure to take appropriate action sooner. *Log Enters.* 3-4 citing *Peter Bay Owners Ass'n v. Stillman*, 205 F.R.D. 454, 458-459 (D.V.I. 2002) (quoting *Christian v. All Persons Claiming Any Right, Title, or Interest in all Props. Known and Described*, 36 V.I. 285, 962 F. Supp. 676, 680 (D.V.I. 1997) (citing 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2866 at 382-83 (2d ed. 1995)). To the extent the first prong is applicable at all given the non-adversarial nature of probate proceedings the Court will consider prejudice to any heir or other party to the proceedings. Finally, The Court will consider the effect of granting the motion to reopen.

### A. REASONABLENESS OF DELAY

#### 1. Ascendency's 6+ Year Delay Has Prejudiced Others

Ascendency was ordered to brief whether others would be prejudiced by Ascendency's delay in moving to reopen these proceedings. Instead of focusing on any prejudice others might suffer as a result in Ascendency's more than six-year delay in petitioning to reopen the estate, Ascendency argues "[t]he only potential prejudice is perhaps to Ascendency, which has not collected on the outstanding debt..." Ascendency misses the point. It seeks to bring a foreclosure action through probate more than six years after the matter was closed—six years during which interest has continued to accrue on the debt—and argues that no heir or third party will be harmed by allowing it to reopen probate. The Court does not agree. By waiting six years to reopen probate Ascendency has allowed significant additional interest to accrue to the heirs' detriment. Had Ascendency moved this matter along timely, that additional interest would not have accrued and there is a significant possibility that proceeds from sale of the mortgaged property would have exceeded the amount due Ascendency. In such case the Estate would have received the difference. Accordingly, the Court finds that the delay has prejudiced the Estate and the Heirs of Monica Graham.

#### 2. Ascendency has not shown Good Cause for its Delay.

Instead of discussing good cause for its delay in moving to reopen these proceedings, Ascendency cites *In re Estate of Watson* for the proposition that a showing of good cause is not necessary because it is not moving under Rule 59 or 60. The Court is perplexed by Ascendency's argument since the very case it cited held to the contrary that because no statute, Superior Court rule, or Supreme Court precedent governs setting aside final orders in probate matters, Rule 60(b) governs. Indeed, the Court specifically held that by not applying Rule

60(b) in ruling on a motion to reopen, the Magistrate Court had erred. *In re Estate of Watson*, 2015 V.I. LEXIS 151, *13.

As discussed above, a "reasonable time inquiry" applies to all 60(b) motions. And that reasonable time inquiry requires the Court to consider among other things whether the moving party had good reason for failure to take appropriate action sooner. *Log Enters*. 3-4 citing *Peter Bay Owners Ass'n v. Stillman*, 205 F.R.D. 454, 458-459 (D.V.I. 2002) (quoting *Christian v. All Persons Claiming Any Right, Title, or Interest in all Props. Known and Described*, 36 V.I. 285, 962 F. Supp. 676, 680 (D.V.I. 1997) (citing 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2866 at 382-83 (2d ed. 1995)). Here, Ascendency was given time to substitute as Petitioner back in 2019. It did not do so. Now, more than six years later, Ascendency argues that its delay "relates to the rather large portfolio of delinquent loans it purchased from Bank of Nova Scotia, and the priority given to it as compared to other loans based on various factors such as amount owed, security, and ease of litigations." In other words, Ascendency did not prioritize this matter. Ascendency's decision to prioritize other non-performing loans over its loan in this matter is not good cause for its delay.

## B. EFFECT OF GRANTING OR DENYING MOTION TO REOPEN

### 1. *Effect of Denying Ascendency's Motion*

The Virgin Islands Rules of Probate, and Title 15 of the Virgin Islands Code provide summary procedures for creditors claims to be adjudicated in order to streamline the probate process, swiftly wind up a decedent's affairs, and avoid the potential for dawn out litigation in multiple forums which could otherwise delay final adjudication of an estate. The process is simple in that Creditors merely file a claim which must be accepted or rejected by the Administrator; and in the event a claim or claims are rejected, a hearing is held with respect to the validity of the claim. As part of that process the creditor is not required to serve its claim or any summons or complaint upon the heirs as it would be required to do in civil litigation; and at the conclusion of the proceedings (which are held on an accelerated timeline) the Court will reach a decision that is treated as a final judgment for purposes of appeal.

Ascendency argues that failure to reopen this probate matter would result in manifest injustice and constitute a waste of judicial time and resources. It reasons that "without administering the estate, then the real property has a cloud on title, and there is no person with authority to sell, mortgage, or otherwise utilize the property, an issue that plagues Virgin Islanders and causes generational problems." It goes on to argue that failure to reopen the estate would result in the property remaining in "legal limbo" until a judgment of debt and foreclosure is issued or a new petition for probate is filed. Ascendency's argument demonstrates that reopening these proceedings is not necessary because Ascendency admits that it may file an action to foreclose on the property just as it does in all other foreclosures where the borrower is still alive. *See First Bank v. Moses* 2006 V.I. LEXIS 55 (Granting Motion to Amend Complaint to Substitute Unprobated Estate as Defendant). Indeed, at the hearing on Ascendency's Motion, counsel indicated that a foreclosure proceeding was already underway.

The Court understands that the truncated process for presentation of claims in probate is extremely desirable to Ascendency and is greatly preferred over foreclosure proceedings in the Civil Division. However, opening (or in this case reopening) probate for the sole purpose of foreclosure is contrary to the purpose of the Magistrate Division's probate jurisdiction especially in light of the availability of another forum for Ascendency to foreclose on the

mortgaged property. Conversely, denying Ascendency's motion will have little impact on Ascendency's ability to enforce its security interest; it will only affect Ascendency's ability to do so in the Magistrate's Division as part of a probate proceeding.

## 2. Effect of Granting Ascendency's Motion

Where an estate is being actively probated, the requirement for creditor claims to be litigated within the probate matter is predicated on the need for orderly administration of a deceased person's estate, prioritizing the prompt settlement of debts, and protecting beneficiaries from personal liability. In such cases, a probate court acts as a centralized, specialized form to handle all financial claims preventing multiple scattered lawsuits in different courts that could diminish estate assets, ensuring fairness among creditors and certainty for heirs. By mandating that creditors go through the probate process, beneficiaries are protected from being personally sued or held responsible for the deceased's debts. And if the estate lacks liquid assets, the probate court can direct the personal representative to sell assets specifically to satisfy valid creditor claims. While public policy favors a gathering of all creditor's claims in one place for swift and consistent adjudication when wrapping up a decedent's affairs, that public policy is not served when there are no active probate proceedings, competing creditors claims, or estate assets that require distribution. And as such, where no heir has come forward to probate an estate and a creditor has alternative mechanisms for redress, from a public policy perspective there is no reason to clog the probate docket with matters that can be addressed elsewhere[1]. This is especially true given that probate procedures streamline service in ways that a mortgagee cannot avail of in a run of the mill foreclosure action. And given that the Magistrate Division lacks jurisdiction over most foreclosure actions outside of probate due to the amount in controversy (*See 4 V.I.C. § 123(a)(7)* Limiting jurisdiction with respect to claims to those having less than $75,000 in controversy), it seems prudent to preserve probate court resources for matters where only the probate court can provide relief.

Ascendency has other more appropriate tools at its disposal outside of probate. A civil action for foreclosure against the unprobated estate of Monica Williams Graham and John Does is the most appropriate tool because while public policy favors a gathering of all creditor's claims in one place for swift and consistent adjudication when wrapping up a decedent's affairs, that public policy is not served when there are no active probate proceedings, competing creditors claims, or estate assets that require distribution. Ascendency seeks to restart probate mid-stream where citations to heirs and notice to creditors were provided and published nine years past, and to pursue its foreclosure matter in summary fashion as a claim against the estate. In doing so, Ascendency seeks to dispose of what appears to be the only asset of the estate while sidestepping the more rigorous service requirements that are necessary in civil litigation.

---

[1] Pursuant to Supreme Court Rule 110.1 (d) which goes into effect July 1, 2026, probate matters must be disposed of within 540 days. Exercising discretion to unnecessarily allow pure foreclosures disguised as probate matters to be brought in the Magistrate Division will unduly impede the Court in its ability to comply with this directive, and will diminish the Court's ability to more swiftly resolve true probate matters when it is without dispute that the Court's probate backlog plagues families seeking to resolve probate matters that are long overdue.

## CONCLUSION

The overall purpose of Rule 60(b) is to strike a proper balance between the conflicting principles that legal proceedings must be brought to an end and that justice must be done. *In re Estate of Watson*, 2015 V.I. LEXIS 151, *15. Ascendency has not shown any impediment to bringing its motion timely other than its own prioritization of other matters in its portfolio. Moreover, a significant consequence of reopening an estate to allow a bank to foreclose in probate is to allow another matter to be unnecessarily placed on an otherwise overcrowded docket in a court of limited jurisdiction when the movant's claim can be brought in the general jurisdiction court. As discussed above, to allow Ascendency to reopen probate proceedings to foreclose a long overdue loan when it has taken no steps to do so for over half a decade without good cause for its delay will work an injustice to others waiting for justice in the probate court.

Ascendency has not demonstrated the reasonableness of its delay; and given the due process concerns in favor of the heirs, and the Court's concerns with respect to the management of its probate docket, the Court will not exercise its discretion to reopen this long-closed matter where the Petitioner has other more appropriate avenues for relief. The proper balance here is to send Ascendency to the Civil Division to bring its foreclosure proceedings following the Court's guidance in *First Bank v. Moses*. On this basis, the Court will not exercise its discretion to reopen probate in this matter for the sole purpose of facilitating a foreclosure. Accordingly, it is hereby

**ORDERED** that Ascendency's Motion to Reopen Probate and Appoint Administrator is **DENIED**.

**DONE AND SO ORDERED** this 27th day of May, 2026.

_____
**HON. CHRISTOPHER M. TIMMONS, SR.**
**Superior Court Magistrate Judge**

ATTEST:
**TAMARA CHARLES**
**Clerk of the Court**

By: *Annalisa M. Prince*
**Probate Officer II**

Date: 05-27-2026